WILLARD SOUTHERLAND AND WIFE, BEULAH VANDETTA SOUTHERLAND
v. ARTIS K. KAPP AND WIFE, BRENDA KAPP, INDIVIDUALLY AND D/B/A RIB-
BONS AND CURLS BEAUTY SALON

No. 8121SC1246

(Filed 5 October 1982)

Negligence § 57.7— fall on ice on sidewalk—invitee—summary judgment for de-
fendant proper

In a negligence action where plaintiff's testimony showed that she knew
the steps were covered with ice as she entered defendant's shop; that she
knew rain and sleet had continued to fall while she was inside; and that
she knew conditions were at least as bad if not worse when she emerged from the
shop to leave, defendant committed no breach of duty of care owed to her
since the fact that the steps and patio were icy was obvious to plaintiff.

APPEAL by plaintiffs from *Walker, Judge.* Judgment entered
8 September 1981 in Superior Court, FORSYTH County. Heard in
the Court of Appeals 13 September 1982.

Plaintiff Beulah Southerland sued to recover damages for
personal injuries she sustained on 13 January 1978 when she
slipped and fell on the steps at the entrance to defendants'
business, a beauty shop, located at their home. Plaintiff Willard
Southerland sued for loss of consortium. The defendants denied
any negligence liability and pleaded contributory negligence on
the part of both plaintiffs as a bar to any recovery.

*Wade H. Leonard, Jr., for plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice, by Daniel W. Donahue
and Keith A. Clinard, for defendant appellees.*

BECTON, Judge.

It is undisputed that the weather was inclement on the day
of the mishap. Rain mixed with sleet and snow had been falling
all during the morning prior to plaintiff's fall, continued to fall
during her visit to the beauty shop, and was falling when she fell.
The parties also agree that ice had accumulated at the entrance
to the beauty shop; that ice was present on the steps and patio;
and that plaintiff was aware of the ice when she arrived at de-
fendants' beauty shop. The defendants argue that they are not
liable for plaintiff's injury because she was aware of the
dangerous conditions. For the reasons set forth below, we agree.

The purpose of the summary judgment rule is to provide an efficient method for determining whether a material issue of fact actually exists. *Durham v. Vine*, 40 N.C. App. 564, 253 S.E. 2d 316 (1979). In order to prevail, a movant must establish the absence of any material issue of fact. One way he can meet this burden is by showing the non-existence of an essential element of the plaintiff's claim for relief. *Id.*, at 566, 253 S.E. 2d at 318.

A *prima facie* case of negligence liability is alleged when a plaintiff shows that: defendant owed him a duty of care; defendant's conduct breached that duty; the breach was the actual and proximate cause of plaintiff's injury; and damages resulted from the injury. *Coltraine v. Hospital,* 35 N.C. App. 755, 757-58, 242 S.E. 2d 538, 540 (1978). In the case *sub judice*, plaintiffs have failed to establish that the defendants breached any duty owed them, and that flaw subjects this case to disposition by summary judgment.

A landowner is not an insurer of his invitee's safety. Rather, the duty owed business invitees is described as the duty to warn of or make safe concealed, dangerous conditions, the presence of which the landowner has express or implied knowledge. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 467, 279 S.E. 2d 559, 562 (1981). A landowner is under no duty to warn invitees of obvious dangers of which they have equal or superior knowledge. *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E. 2d 483 (1967); *Stansfield v. Mahowsky*, 46 N.C. App. 829, 266 S.E. 2d 28, *cert. denied* 301 N.C. 96 (1980).

Plaintiff Beulah Southerland's testimony shows that she knew the steps were covered with ice as she entered defendants' shop; that she knew rain and sleet had continued to fall while she was inside; and that she knew conditions were at least as bad if not worse when she emerged from the shop to leave. Since the fact that the steps and patio were icy was obvious to plaintiff Beulah Southerland, defendants committed no breach of duty of care owed to her.

Plaintiff Willard Southerland's consortium claim is derivative. *See* 41 Am. Jur. 2d *Husband and Wife* § 452 (1968). *See also Logullo v. Joannides*, 301 F. Supp. 722, 726 (D. Delaware 1969). (A claim for consortium is non-existent in the absence of a valid claim by the injured spouse.) Because we find no negligent con-

duct by defendants, we summarily reject Willard Southerland's argument.

Defendants bear no liability in tort for Mrs. Southerland's injuries, and there exists no material issue of fact to be determined as a matter of law. The order below allowing defendants' motion for summary judgment was proper.

Affirmed.

Chief Judge MORRIS and Judge JOHNSON concur.