833 F.2d 310
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty B. MCKENZIE, Fred L. Mckenzie, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-2575.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1987.
Decided Nov. 5, 1987.
 
 Douglas Radcliffe Gill (Van Camp, Gill, Bryan & Webb, P.A. on brief) for appellant.
 Paul M. Newby, Assistant United States Attorney (Samuel T. Currin, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, Betty B. McKenzie, sued under the Federal Tort Claims Act to recover damages for personal injury she sustained when she fell on a slippery floor while dancing with her husband's superior officer at the Fort Bragg Officers' Mess Hall, Fort Bragg, North Carolina. Her husband, Fred L. McKenzie, also sued for loss of consortium. Their theory of liability was that the United States had a duty to warn Mrs. McKenzie of the unusually slippery condition of the floor and that it breached its duty by a failure to warn thereby proximately causing plaintiffs' injuries.
 
 
 2
 On motion for summary judgment, it was established from Mrs. McKenzie's deposition that immediately prior to the incident she had discontinued dancing with her husband because she realized the slippery condition of the floor and was concerned for her own safety. The district court therefore gave judgment for the United States because, under the law of North Carolina which governs here, a landowner has no duty to warn an invitee of a dangerous condition of which the invitee has equal or superior knowledge.
 
 
 3
 The district court correctly discerned and applied the law of North Carolina. See Southerland v. Kapp, 59 N.C.App. 94, 295 S.E.2d 602 (1982). Mrs. McKenzie may not be relieved of the legal effect of her actual knowledge despite her assertion that military protocol compelled her to accept the invitation to dance with her husband's superior officer. Of course, Mr. McKenzie has no greater right to recover than his wife.
 
 
 4
 AFFIRMED.