ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[103 N.C. App. 440 (1991)]

JO ANN ROUMILLAT, Plaintiff v. SIMPLISTIC ENTERPRISES, INC. D/B/A BOJANGLES FAMOUS CHICKEN N' BISCUITS, Defendant

No. 9021SC1119

(Filed 16 July 1991)

Negligence § 57.8 (NCI3d)— parking lot—grease spot—slip and fall—summary judgment for defendant—error

Summary judgment was improperly entered for defendant in a negligence action arising from a fall in a parking lot where plaintiff's evidence was that the parking lot sloped, that it wasn't very clean, and that she slipped in a circular grease spot two and a half or three feet in size which she described as automobile grease. The lack of evidence that defendant knew or should have known of the presence of the grease in the parking lot does not entitle defendant to summary judgment; defendant would be entitled to summary judgment on that basis on its own motion only if it met its burden of showing that it did not know and should not have known of the presence of the grease in its parking lot. Under the conditions and circumstances of the case, the question of whether the grease constituted an obvious condition of which plaintiff and defendant are charged with having equal knowledge must be left to the jury, as well as the question of whether the obviousness, if any, was sufficient to absolve the defendant of all liability.

Am Jur 2d, Premises Liability § 659.

Liability of owner or operator of parking lot for personal injuries allegedly resulting from condition of premises. 38 ALR3d 10.

Judge PARKER dissenting.

APPEAL by plaintiff from judgment filed 23 July 1990 in FORSYTH County Superior Court by Judge Melzer A. Morgan, Jr. Heard in the Court of Appeals 17 April 1991.

Frye and Kasper, by W. Everette Murphrey, for plaintiff-appellant.

Hutchins, Tyndall, Doughton & Moore, by Laurie L. Hutchins, for defendant-appellee.

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[103 N.C. App. 440 (1991)]

GREENE, Judge.

Plaintiff, Jo Ann Roumillat, filed this negligence action against defendant, Simplistic Enterprises, Inc., d/b/a Bojangles Famous Chicken N' Biscuits, on 18 August 1989. Plaintiff appeals from an order for summary judgment in favor of defendant, filed on 23 July 1990.

Included in the evidence before the trial court at the summary judgment hearing was plaintiff's complaint which alleges in pertinent part:

> That on or about the 21st day of December, 1987, at or about 8:15 o'clock p.m., the Plaintiff, her husband and son were leaving the Defendant's restaurant on the South side; Plaintiff then preceded [sic] to cross with her family the drive thru lane and stepping [sic] up on the small traffic island; then Plaintiff stepped off the small traffic island into an open parking space taking two or three steps when her left foot slipped and she fell on her right knee severely injuring it; the parking lot upon which Plaintiff was walking was made of asphalt and has a sloping grade such that customers and patrons after stepping down off the small traffic island (adjacent to the drive thru lane) walk on a downward slope to their automobiles; that Plaintiff's left foot slipped on a *slick, greasy substance* and other debris which remained on the open parking space which she was crossing when she fell; there were no warning signs or barriers preventing pedestrians or patrons from entering onto the parking area; and that the Defendants, acting by and through their agents or employees knew, or should have known of the dangerous condition existing on their said parking lot hereinabove referred. [Emphasis added.]

Also before the trial court at the summary judgment hearing was plaintiff's deposition. Regarding the parking lot, plaintiff stated in her deposition that "[i]t slopes." She further stated that it "wasn't a very clean area." Regarding the grease in the parking lot, plaintiff described it as "[a]utomobile grease." She described the shape of the grease spot as being circular, and its size as being two and a half or three feet. When asked to describe its texture, plaintiff stated, "Thick, mucky like. It wasn't an oil like you put in a car of that substance." When asked whether she had seen any grease

in the parking lot on that night before it happened, plaintiff stated, "No. It's black. The parking lot is black."

---

The sole issue on appeal is whether the trial court erred in granting summary judgment for defendant.

Defendant argues, as the sole basis for supporting the summary judgment, that there is no evidence in the record to establish that defendant knew or should have known of the presence of the "slick, greasy substance" in the parking lot. Although we agree with the defendant that there is no such evidence in the record, contrary to defendant's argument this lack of evidence does not entitle defendant to summary judgment. At trial the burden will be on plaintiff to show defendant knew or should have known of the "slick, greasy substance" in defendant's parking lot. *See Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 166, 336 S.E.2d 699, 702 (1985) (plaintiff who slipped and fell on human excrement on floor of defendant's business must, in order to show negligence, prove at trial that defendant knew or should have known of its existence). Upon defendant's motion for summary judgment, however, defendant is entitled to judgment on this basis only if it meets its burden of showing that it did not know, and should not have known, of the presence of the "slick, greasy substance" in its parking lot. *See Cheek v. Poole*, 98 N.C. App. 158, 162, 390 S.E.2d 455, 458, *disc. rev. denied*, 327 N.C. 137, 394 S.E.2d 169 (1990) (burden on movant to show entitlement to summary judgment). The nonmovant, here plaintiff, has no burden to present evidence in opposition to the movant's, here defendant's, motion for summary judgment until the movant produces evidence sufficient to establish its right to judgment as a matter of law. *Id.* Defendant failed in its burden because the record reveals no evidence that defendant did not know, and should not have known, of the "slick, greasy substance" in its parking lot. Therefore, summary judgment for defendant on this basis was error.

Furthermore, given the width, thickness, and texture of the grease, the "other debris" trapped within the grease, the slope of the parking lot, the color of the grease and parking lot, and the fact that plaintiff stepped in the grease while negotiating the parking lot to get to her car, defendant was not entitled to summary judgment on the basis that defendant had no legal duty to warn plaintiff of the grease or to remove the grease from the parking

**ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.**

[103 N.C. App. 440 (1991)]

lot. Although one may expect the presence of some automobile oil in a parking lot, and although an owner or occupier of land generally has no duty to warn of an obvious condition of which the invitee has equal knowledge, "this is certainly not a fixed rule, and *all of the circumstances must be taken into account." Southern Railway v. ADM Milling Co.*, 58 N.C. App. 667, 673, 294 S.E.2d 750, 755, *disc. rev. denied*, 307 N.C. 270, 299 S.E.2d 215 (1982) (quoting W. Prosser, *Handbook of the Law of Torts*, § 61, pp. 394-95 (4th ed. 1971)).

> In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee *notwithstanding his knowledge, warning or the obvious nature of the condition, something more in the way of precautions may be required. . . .* It is true also where the condition is one such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, and, because the premises are held open to him for his use, *it is to be expected that he will nevertheless proceed to encounter it. In all such cases the jury may be permitted to find that obviousness, warning or even knowledge is not enough.*

*Id.*

Under the conditions and circumstances in this case, the question of whether the grease, in the first instance, constituted an obvious condition of which plaintiff and defendant are charged with having equal knowledge must be left to the jury, as well as the second question of whether the obviousness, if any there be, was sufficient to absolve the defendant of all liability.

Reversed and remanded.

Judge PHILLIPS concurs.

Judge PARKER dissents with dissenting opinion.

Judge PARKER dissenting.

I respectfully dissent. The oft stated rule is that the person in possession of property owes an invitee the duty to exercise ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers that have been or could have been discovered by reasonable inspection. *Mazzacco v. Purcell*, 303

N.C. 493, 498, 279 S.E.2d 583, 587 (1981). The possessor of land is not the insurer of the safety of those on the premises. *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E.2d 483 (1967). The person in possession has no duty to warn an invitee of an obvious danger or of a condition of which the invitee has equal or superior knowledge. *Harris v. Department Stores Co.*, 247 N.C. 195, 100 S.E.2d 323 (1957). The law assumes that the reasonable person in the exercise of ordinary care for his or her safety, absent a diversion or distraction, will be vigilant to avoid injury in the face of a known and obvious danger. *See Walker v. Randolph County*, 251 N.C. 805, 810, 112 S.E.2d 551, 554 (1960).

The majority cites *Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 336 S.E.2d 699 (1985), but in my opinion the present case is distinguishable from those cases where a person has slipped and fallen on a foreign substance on the floor in a grocery or retail store. In those situations the invitee does not expect such substances to be on the floor and the proprietor has reason to foresee that if such substances are left on the floor a person is likely to fall and suffer injury. Hence, where the substance was placed on the floor by a third party or was of an undetermined origin, the inquiry is whether the injured party can show that the substance or object had been on the floor long enough for the proprietor or his agents in the exercise of reasonable care to have learned of its presence and taken precautions to prevent injury. *Long v. Food Stores*, 262 N.C. 57, 136 S.E.2d 275 (1964).

The presence of automotive oil and grease in parking lots, however, is a matter of common knowledge. One would be hard pressed to find a parking lot, other than one recently paved, that did not have an accumulation of oil and grease deposits in the parking spaces. For this reason, automotive oil and grease in a parking lot are more nearly analogous to ice during inclement, icy weather. *See Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E.2d 483 (1967). The condition being obvious, the invitee is charged with equal knowledge. *Id.* at 448, 154 S.E.2d at 484. *Accord Southerland v. Kapp*, 59 N.C. App. 94, 295 S.E.2d 602 (1982). The proprietor, therefore, has no duty to warn of the presence of automotive oil and grease, and the failure to remove it does not constitute a breach of the proprietor's duty to keep the premises in a reasonably safe condition. From plaintiff's description of it in her deposition, the grease spot on which she fell was not unusual or different from any other grease spot in a parking lot. Plaintiff

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[103 N.C. App. 440 (1991)]

testified that the parking lot was well lighted, and from the record there is no evidence that her attention was distracted by any act on the part of defendant.

In my view *Southern Railway Co. v. ADM Milling Co.*, 58 N.C. App. 667, 294 S.E.2d 750, *disc. rev. denied*, 307 N.C. 270, 299 S.E.2d 215 (1982), is distinguishable on its facts. In that case the injured party, an employee of the railroad who regularly worked on the crew that serviced defendant's industry, slipped while performing a switching operation. The evidence showed that grain in the area caused the employee's shoes to be slippery and that "Defendant never swept the area clean in response to complaints about the condition of the tracks." *Id.* at 674, 294 S.E.2d at 755. The Court distinguished *Wrenn*, noting that *Wrenn* involved a one time situation, whereas the employee in *Southern Railway* repeatedly encountered the dangerous condition in the performance of his job. The Court then stated, "Under these circumstances, reasonable care may have required more than a warning of the danger." *Id.* at 674, 294 S.E.2d at 756. The Court further stated: "Defendant was not required to take extraordinary precautions for the safety of its invitees, or to take precautions that would render the operation of its business impractical." *Id.* at 675, 294 S.E.2d at 756 (citations omitted).

Based on the foregoing, defendant has, in my view, met its burden of showing that as to plaintiff's claim for negligence arising out of the presence of automotive grease in the parking lot, an essential element is non-existent, namely, breach of a legal duty owed to plaintiff under the circumstances. See *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 376 S.E.2d 425 (1989).

Furthermore, I do not agree with the majority's application of the standard for summary judgment under Rule 56 of the Rules of Civil Procedure. The majority says the lack of evidence that defendant knew or should have known of the slick, greasy substance does not entitle defendant to summary judgment. In *Collingwood* the Court stated that a movant may meet its burden of showing the lack of any triable issue "by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim." *Collingwood*, 324 N.C. at 66, 376 S.E.2d at 427. In the present case plaintiff's answers to interrogatories, filed in November 1989 some eight months prior to hearing on the summary judgment motion, listed the names of

five witnesses, none of whom was to testify as to defendant's prior knowledge of the condition of the premises. Under Rule 26(e) of the Rules of Civil Procedure a party has a duty to supplement its answers to interrogatories. "By making a motion for summary judgment, a defendant may force a plaintiff to produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial." *Id.* On the record in the present case, defendant has shown that plaintiff cannot produce evidence to support an essential element of her claim. Plaintiff failed to forecast any competent evidence, or the ability to produce any competent evidence, which would show that defendant knew or should have known of the existence of the automotive grease.

Finally, on the record in this case, under the holding in *Stoltz v. Burton,* 69 N.C. App. 231, 316 S.E.2d 646 (1984), and the cases cited therein, summary judgment was also proper on the claim, if any, based on the slope of the parking lot.

For the foregoing reasons I vote to affirm.