MARTIN, Chief Judge.
The sole issue on appeal is whether the trial court erred in dismissing plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons discussed herein, we affirm.
Plaintiff's complaint alleges that defendant Davis, an attorney, represented him in district court on a misdemeanor charge for assaulting Victor Williams and that attorney Annette Strickland represented Victor Williams in the assault case. Plaintiff further alleged that he was subsequently tried for the first degree murder of Victor Williams. Plaintiff placed defendant Davis on his witness list for the murder trial and the State placed attorney Strickland on its witness list. The State called attorney Strickland, who testified about the assault case. Plaintiff alleges that on one occasion during the trial, defendant Davis sat next to attorney Strickland, "directly behind plaintiff and in direct view of the jury" and on another occasion, defendant Davis sat with attorney Strickland, "directly behind the family members of Victor Williams." Based on these allegations, plaintiff claimed: (1) defendant Davis breached her fiduciary duty to plaintiff because her "acts [] were a conflict of interest to her previous role of counsel for [p]laintiff;" (2) defendant Davis conspired with the assistant district attorney to influence the jury against plaintiff; (3) defendant Davis was negligent in committing certain acts during plaintiff's murder trial; and (4) defendant Davis committed malicious acts which entitled him to relief for gross negligence.
Defendant Davis moved to dismiss the complaint pursuant to N.C.R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant Davis asserted that she did not represent plaintiff at his murder trial and that no attorney client relationship existed between them at the time of the murder trial. On 22 March 2004, the trial court granted the motion and dismissed with prejudice plaintiff's claims for "Breach of Fiduciary Duty", "Conspiracy", "Negligence" and "Gross Negligence." On appeal, plaintiff contends the trial court in dismissing plaintiff's case against defendant Davis for failure to state a claim upon which relief could be granted. We disagree. A motion to dismiss "for failure to state a claim upon which relief may be granted challenges the legal sufficiency of the pleading." Walker v. Sloan, 137 N.C. App. 387, 392, 529 S.E.2d 236, 241 (2000). In ruling on a motion to dismiss under Rule 12(b)(6), a court must determine if "as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted" according to some legal theory. Shell Island Homeowners Ass'n v. Tomlinson, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999) (citations omitted).
In the present case, plaintiff asserted claims against defendant Davis for breach of fiduciary duty, conspiracy, negligence and gross negligence. "For a breach of fiduciary duty to exist, there must first be a fiduciary relationship between the parties." Dalton v. Camp, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001). Our Supreme Court has held that a fiduciary relationship exists when one with an equitable duty to act in good faith has been granted "a special confidence" regarding the other's interest, especially when the recipient of the special confidence is in a position to dominate and influence the other. Id. at 651, 548 S.E.2d at 707-08.
Taking the allegations raised in his complaint as true, plaintiff fails to allege facts and circumstances sufficient to show that a fiduciary relationship existed between the parties. Plaintiff does not allege any act by defendant Davis, which resulted in her having taken advantage of a position of confidence to plaintiff's detriment. Thus, plaintiff has failed to provide evidence of any agreement or transaction between him and defendant Davis which would constitute the basis for the breach of fiduciary duty. Because a specific agreement or transaction between plaintiff and defendant Davis is absent, plaintiff failed to allege a cause of action for breach of fiduciary duty.
Although there is no recognized action for civil conspiracy in North Carolina, Fox v. Wilson, 85 N.C. App. 292, 300, 354 S.E.2d 737, 743 (1987), our law nevertheless permits an action for wrongful acts committed by persons pursuant to a conspiracy. Henderson v. LeBauer, 101 N.C. App. 255, 260-61, 399 S.E.2d 142, 145, disc. review denied, 328 N.C. 731, 404 S.E.2d 868 (1991). This claim requires the showing of an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way that results in damages to the claimant. Henderson, 101 N.C. App. at 260-61, 399 S.E.2d at 145. Here, plaintiff has not forecast sufficient evidence that an agreement was reached between defendant Davis and attorney Strickland to perform the acts of which he complains. Accordingly, the trial court properly dismissed plaintiff's cause of action for conspiracy.
To properly allege a cause of action for negligence, the plaintiff must allege: (1) duty, (2) breach of duty, (3) proximate cause and (4) damages. Southerland v. Kapp, 59 N.C. App. 94, 95, 295 S.E.2d 602, 603 (1982). When an act or conduct is done purposely and with knowledge that such act is a breach of duty to others, that is, with a conscious disregard of the safety of others, it rises to the level of gross negligence. Yancey v. Lea, 354 N.C. 48, 53, 550 S.E.2d 155, 158 (2001). In a legal malpractice action based upon an attorney's negligence, the plaintiff must allege and prove "(1) that the attorney breached the duties owed to his client . . . and that this negligence (2) proximately caused (3) damage to the plaintiff." Rorrer v. Cooke, 313 N.C. 338, 355, 329 S.E.2d 355, 366 (1985). Assuming arguendo that defendant Davis breached a duty to plaintiff by sitting with attorney Strickland, plaintiff has failed to show how defendant's conduct proximately caused actual injury to plaintiff. Because plaintiff failed to allege the requisite proximate cause, plaintiff's complaint is inadequate to allege a necessary element of plaintiff's negligence claim. Having failed to allege a claim for negligence, plaintiff's claim for gross negligence on the part of defendant also fails. The trial court therefore properly dismissed plaintiff's claims for negligence and gross negligence.
The order dismissing plaintiff's complaint pursuant to N.C. Gen. Stat. 1A-1, Rule 12(b)(6) is affirmed.
Affirmed.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).