J. F. RICKS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 21 February, 1917.)

**Railroads—Depots—Bad Condition—Negligence — Trials — Evidence — Nonsuit—Questions for Jury.**

In an action against a railroad company to recover damages for the negligent killing of plaintiff's horse, there was evidence tending to show that the plaintiff had driven on defendant's premises to unload fertilizer and his horse stepped upon a nail in a plank covered by mud and

water, owing to the bad condition of the place, immediately resulting in lockjaw, from which the horse died: *Held*, sufficient to take the case to the jury upon the issue of defendant's actionable negligence.

CIVIL ACTION, tried at October Term, 1916, of BEAUFORT, before *Whedbee, J.,* upon these issues:

1. Was plaintiff's horse killed by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. Was plaintiff guilty of contributory negligence as alleged in the answer. Answer: "No."

3. What damages, if any, is plaintiff entitled to recover of defendant? Answer: "$300."

From the judgment rendered, the defendant appealed.

*Stewart & Bryan for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

PER CURIAM. The defendant moved for a judgment of nonsuit: first, upon the ground that there is no sufficient evidence of negligence; second, that the negligence was not the proximate cause of the injury.

The evidence tends to prove that the plaintiff drove his double team, consisting of a horse and a mule, upon the premises of the defendant company up to a car for the purpose of unloading fertilizer. His horse stuck a nail in its foot, from which lockjaw ensued, causing its death. The nail was sticking up through a piece of plank under water and could not be seen by the plaintiff.

The mere fact that a horse stuck a nail in its foot upon the premises of the defendant would not be sufficient evidence to hold the defendant guilty of negligence, taken by itself; but the evidence in this case tends to prove that there was mud and water over the yard, and trash, and "that the general condition of the yard was bad." We think this evidence entitled the plaintiff to go to the jury, and that the question of negligence was submitted in a proper charge by the court.

We fail to see any force in the contention that the evidence does not indicate necessarily that the horse died from the effects of the nail in its foot. The testimony proves that the horse had lockjaw immediately; that this lockjaw was caused by getting a nail in its foot; that the animal was treated for lockjaw and lived about nine days and died. We are of opinion that there was no error.

No error.