LAURA MAE TAPP WRENN v. HILLCREST CONVALESCENT HOME,
INCORPORATED.

.(Filed 24 May, 1967.)

1. Negligence § 37b—

A proprietor is not an insurer of the safety of his invitees but is under
duty to exercise ordinary care to keep his premises in a reasonably safe
condition so as not to expose invitees unnecessarily to danger.

2. Same—

The duty of the proprietor to warn his invitee of a dangerous condition
of which the proprietor has knowledge, express or implied, does not apply
to conditions of which the invitee has equal or superior knowledge.

3. Negligence § 37f—

Evidence tending to show that plaintiff fell to her injury on ice on a
walk on the premises under defendant's control, that plaintiff had knowl-
edge of the weather conditions and the existence of the ice, *held* insuffi-
cient to be submitted to the jury on the issue of defendant's negligence.

APPEAL by plaintiff from *Carr, J.,* January 1967 Civil Session
of DURHAM.

Civil action to recover damages for personal injury suffered when
plaintiff slipped and fell on defendant's premises.

Plaintiff's evidence tended to show the following: Plaintiff was a
65-year old licensed practical nurse, and on 28 February 1964 was
employed by W. T. Holland, a patient at the defendant nursing
home. During the afternoon on that date it began snowing heavily.
By 7:30 it had stopped snowing and the ground was beginning to
freeze over. Plaintiff was to go on duty for Mr. Holland at 11:00
P.M. She drove to the nursing home, arriving there around 10:45
P.M., and parked her car in a parking lot provided for the nurses
at the rear of the Home. She walked across the graveled parking
area to a cement sidewalk which led to a back door of the build-
ing. After taking about two or three steps on the cement walk, she
slipped on the ice which had formed over the sidewalk and fell, do-
ing serious bodily injury to herself.

The evidence was to the effect that the parking area was graveled
up to the point where the sidewalk started, and that the sidewalk
was level with the parking area. A street light approximately twen-
ty-five feet in height was set at the end of the walkway nearest the
parking area and was burning that night. Plaintiff's witness testi-
fied that there was no shrubbery or other obstacles which might ob-
struct one's view of the sidewalk.

Plaintiff testified in part as follows: "(T)hat at 8:30 it was well
frozen on the steps of my house. I saw the water on these steps
frozen. . . . I got to the hospital at 10:45. I left home around

10:30. I was driving carefully because the weather was bad. The condition of the streets were getting bad. . . . The water on the streets was freezing over at that time. . . . I knew that the water on the streets was freezing when I drove to the parking lot to get out. . . . I had taken just about two and one-half feet-steps on the walkway. I would say this was medium steps because I was trying to be careful. The weather was bad and I was trying to be careful. . . . (I)t was foggy and dark, very foggy. I couldn't see the sidewalk. As I said, it was very dark and foggy, and the sidewalk wasn't clear. I didn't look down at it until I hit it. I thought the sidewalk would be protected. . . . I was bound to have looked down because I was trying to be real careful when I started to walk on the concrete sidewalk. I could see it was icy and getting slick, but I was real careful to see when I fell. . . . I knew I was getting ready to step on the walkway. I stepped on it and saw it at the same time."

Mrs. Bertha Rudd testified that she and her husband drove up shortly afterwards and found plaintiff lying on the sidewalk, and that the gravel in the parking lot was very slick when she stepped out of her car. She further testified: "I presume that she would have been about even with the street light. . . . You could see the condition of the walk and the snow on the walk. You could see it from the street light as far as I was concerned, I mean it was light. Of course, our car lights were there, too."

At the close of plaintiff's evidence, defendant moved for judgment of nonsuit. The motion was granted, and judgment of involuntary nonsuit was entered. Plaintiff appealed.

*E. C. Harris and C. Wallace Vickers for plaintiff.*
*Brooks and Brooks for defendant.*

PER CURIAM. Conceding that plaintiff was an invitee on the property of defendant, the defendant was not an insurer of her safety. Its duty was to exercise ordinary care to keep the premises which plaintiff was to use in a reasonably safe condition, so as not to expose her unnecessarily to danger, and to give warning of hidden conditions and dangers of which it had knowledge, express or implied. *Waters v. Harris,* 250 N.C. 701, 110 S.E. 2d 283. However, defendant was under no duty to warn plaintiff, as an invitee, of an obvious condition or of a condition of which the plaintiff had equal or superior knowledge. *Harris v. Department Stores Co.,* 247 N.C. 195, 100 S.E. 2d 323.

There is plenary evidence that plaintiff had full knowledge of the freezing and icy condition of the area. The danger created by this

condition was obvious, and plaintiff's evidence presents no facts from which it can be inferred that defendant had more knowledge than plaintiff of the alleged dangerous or unsafe condition. Thus, considering all of the evidence in the light most favorable to plaintiff, which we must do on motion to nonsuit, *Hudson v. Transit Co.*, 250 N.C. 435, 108 S.E. 2d 900, we hold that the evidence shows no actionable negligence on the part of defendant.

The judgment of the court below is

Affirmed.