ANNIE LONG v. METHODIST HOME FOR THE AGED, INC.

No. 7120SC158

(Filed 24 February 1971)

1. Negligence §§ 5.1, 53— nursing home operator — duties to invitees

Operator of a nursing home owed an invitee the duty of ordinary care to keep the premises in a reasonably safe condition so as not to expose her unnecessarily to danger and to give her warning of hidden dangers or unsafe conditions of which the operator had knowledge, express or implied.

2. Negligence §§ 5.1, 53— duties to invitees — equal knowledge by invitee

Operator of a nursing home was under no duty to warn an invitee of a condition of which the invitee had equal or superior knowledge.

3. Negligence §§ 5.1, 57— action by invitee — negligence by nursing home operator — insufficiency of evidence

In this action for personal injuries allegedly sustained as a result of a fall in defendant's nursing home, evidence of plaintiff tending to show that she had been employed as a sitter for a patient in the nursing home by the patient's family, that the commode overflowed and water ran onto the floor of the patient's room, that an orderly employed by defendant stopped the overflowing commode but did nothing about getting the water off the floor, and that plaintiff mopped a portion of the floor and slipped and fell on water in an area which she had mopped, *held* insufficient to show actionable negligence on the part of defendant, since plaintiff had as much or more knowledge as did defendant concerning the condition of the floor.

APPEAL by defendant, Methodist Home for the Aged, Inc., from *Brewer, J.,* 17 August 1970 Session of UNION Superior Court.

This is a civil action in which the plaintiff, Annie Long, seeks to recover compensation for personal injuries allegedly sustained as a result of a fall in the defendant's nursing home located in Charlotte, North Carolina, on 12 December 1966.

The plaintiff offered evidence tending to establish the following pertinent facts: The plaintiff had been employed as a sitter by the family of Mrs. Mamie Jones, a patient confined to her bed in the defendant's nursing home. On 12 December 1966, the plaintiff attempted to flush down the commode some toilet tissue she had used to clean up food that was spilled on the bed and the patient. The commode overflowed and water ran out onto the floor of the bathroom and the patient's bedroom.

After trying unsuccessfully to stop the overflow by operating the valve, the plaintiff went to the nurses' station and got an orderly, employed by the defendant, who came and stopped the overflowing commode by the use of a coat hanger. Neither the orderly nor any other employee of the defendant did anything about getting the water off the floor. The plaintiff obtained a mop and began to dry the floor, stopping occasionally to tend to Mrs. Jones. The plaintiff worked for about an hour mopping the floor, making several trips into the bathroom to wring the water out of the mop.

In describing her fall, the plaintiff testified: "When I thought I had it all up, I walked out, and it had run out from under the wardrobe, and I stepped in the water and both feet went out from under me. When I fell, I thought I had the majority of the floor dry at that time; I thought I had it dried up to the bed, but I knew there was still water under the bed. I thought I had it dried to there; I was going to finish feeding her and work with her a while, and then I was going to mop some more, and I fell and I couldn't."

The defendant's motion for a directed verdict was denied and the case was submitted to the jury on the issues of negligence, contributory negligence, and damages, which the jury answered in favor of the plaintiff and against the defendant. From a judgment entered on the verdict, the defendant appealed assigning as error the trial court's denial of its motion for a directed verdict.

*Griffin & Clark by Robert B. Clark for plaintiff appellee.*

*Carpenter, Golding, Crews & Meekins by James P. Crews for defendant appellant.*

HEDRICK, Judge.

The defendant contends that there is no evidence in this record of actionable negligence upon the part of the defendant resulting in the injuries to the plaintiff. We agree.

[1] Assuming, *arguendo*, that the plaintiff was an invitee in the nursing home, the defendant-owner owed her the duty of ordinary care to keep the premises in a reasonably safe condition so as not to expose her unnecessarily to danger, and to give her warning of hidden dangers or unsafe conditions of which

it had knowledge, express or implied. 6 Strong, N. C. Index 2d, Negligence, § 53; *Wrenn v. Convalescent Home,* 270 N.C. 447, 154 S.E. 2d 483 (1967).

[2] The defendant was under no duty to warn the plaintiff of a condition of which the plaintiff had knowledge equal to or superior to that of the defendant. *Wrenn v. Convalescent Home, supra.*

[3] From the evidence it is clear that the plaintiff had as much or more knowledge as did the defendant concerning the condition of the floor. Considering the evidence in its light most favorable to the plaintiff, it fails to disclose any actionable negligence upon the part of the defendant, and the defendant's motion for a directed verdict should have been allowed.

Reversed.

Judges CAMPBELL and BRITT concur.