HERMAN MUSSELWHITE v. EAST COAST HOTEL COMPANY, INC.

No. 715SC236

(Filed 26 May 1971)

**Negligence §§ 5.1, 53— injury to invitee on motel premises — invitee referred to as "employee" — harmless error**

Plaintiff, a TV repairman, was not prejudiced by trial court's instructions which mistakenly referred to him as an employee of the defendant, rather than as an invitee, where the trial court's instructions adequately set forth the duties owed by the owner of business premises to an invitee.

APPEAL by plaintiff from *Cowper, Judge,* October 1970, Civil Session of NEW HANOVER County Superior Court.

Plaintiff instituted this action to recover for injuries sustained on defendant's premises, allegedly caused by defendant's negligence in failing to provide a safe place to work. Plaintiff's evidence tended to show that he was in the television business in Wilmington and had been servicing the television sets at defendant's hotel, the Blockade Runner Motor Hotel, since it opened. On the occasion when plaintiff was injured, he had been called to the hotel to check out the television units. This necessitated checking out the electrical wiring in the distribution room on the fifth floor. This room was kept locked, but plaintiff had a key to it. As he approached the distribution room, he stepped on a rug with a rubber backing and slipped, injuring his elbow and left leg. There was water on the floor and under the rug and as plaintiff stepped on the rug, the rug slipped out from under him. The water came from a nearby ice storage box that had overflowed and was not visible because of the white vinyl tile on the floor and the rug.

There was testimony to the effect that there had been water on the floor in this location on previous occasions due to the fact that the drain in the ice storage box occasionally stopped up and caused an overflow. This ice storage box and the door to the distribution room were located in an alcove. The ice box was furnished for the convenience of hotel guests. Guests often dropped ice on the floor when obtaining ice from the box. The defendant was aware of this fact and the housekeeping department usually cleaned it up. Plaintiff himself testified that, while he had not seen water on the floor, he had seen ice on the floor on prior occasions.

The case was submitted to the jury on the issues of negligence, contributory negligence and damages. The jury answered the first issue in favor of defendant and did not answer the remaining two issues. From a judgment that plaintiff recover nothing of defendant, plaintiff appeals to this Court.

*Goldberg & Anderson by Aaron Goldberg for plaintiff appellant.*

*Poisson, Barnhill & Jackson by M. V. Barnhill, Jr., for defendant appellee.*

CAMPBELL, Judge.

Plaintiff makes five assignments of error. We will discuss them in inverse order. The fifth assignment of error was to the failure of the court to set the verdict aside as being contrary to the weight of the evidence. This was a matter addressed to the discretion of the trial court. No abuse of discretion is shown, and we find none. This assignment is denied.

The fourth assignment was to the failure of the trial judge to instruct the jury that plaintiff was on the premises as an invitee, and as such, the defendant owed him a duty as an invitee. The trial judge referred to the plaintiff as an employee and instructed the jury with respect to the rights of an employee. Plaintiff contends that this was prejudicial as it would carry the connotation to the jury that the plaintiff was entitled to Workmen's Compensation benefits. We do not think so. We believe the plaintiff is unduly alarmed in this regard, and at any rate, the plaintiff should have called this to the attention of the trial judge at the time. This the plaintiff failed to do.

With regard to the duty owed, the trial judge instructed the jury:

"Now, I further instruct you that it is the duty of an employer to warn an employee concerning dangers which are known to him or which in the exercise of reasonable care should be known to him and are unknown to the employee or undiscoverable by him in the exercise of due care and concerning dangers which by the reason of inexperience the employee does not appreciate. Also there is a duty on the part of an employer to furnish a safe place within which to work."

Musselwhite v. Hotel Co.

This instruction was in substantial compliance with the duty an employer owes to an employee as set forth in *Clark v. Roberts,* 263 N.C. 336, 139 S.E. 2d 593 (1965), quoting *Watson v. Construction Company,* 197 N.C. 586, 150 S.E. 20 (1929), where the court stated:

> " '[I]t is conceded to be the duty of an employer to warn his employees concerning dangers which are known to him, or which in the exercise of reasonable care should be known to him, and are unknown to his employees or are undiscoverable by them in the exercise of due care, and concerning dangers which, by reason of youth, inexperience or incompetency the employees do not appreciate. . . .' "

In addition to the standards imposed by the *Clark* case, *supra,* the trial judge also imposed a duty upon the employer to furnish a safe place in which to work.

Conceding for the purposes of argument that plaintiff was actually an invitee and not an employee, the charge as given by the trial judge, while couched in terms of an employer-employee relationship, adequately set forth the duties owed by the owner of the premises to an invitee. The owner of the premises is under a duty to an invitee "to exercise ordinary care to keep the premises which plaintiff was to use in a reasonably safe condition, so as not to expose [him] unnecessarily to danger, and to give warning of hidden conditions and dangers of which it had knowledge, express or implied. . . ." *Wrenn v. Convalescent Home,* 270 N.C. 447, 154 S.E. 2d 483 (1967) ; see also 6 Strong, N. C. Index 2d, Negligence, § 53, p. 108 (1968).

As the trial judge correctly stated the principles of law to be applied to the case, plaintiff is not prejudiced by being described as an employee rather than an invitee.

The other three assignments of error relate to the issue of damages. Since the jury returned a verdict in favor of the defendant finding no negligence and therefore did not reach the issue of damages, we deem it unnecessary to discuss those assignments of error since such a discussion would be purely academic in this case.

The judgment of the trial court is

Affirmed.

Judges BRITT and GRAHAM concur.