CHARLES B. FARRELLY, Plaintiff v. HAMILTON SQUARE, a North Carolina General Partnership, Defendant

No. 9325SC1165

(Filed 18 July 1995)

**Negligence § 106 (NCI4th)— stepping on tack—defendant's knowledge of dangerous condition—insufficiency of evidence**

The trial court properly granted summary judgment for defendant on plaintiff's negligence claim where plaintiff failed to offer evidence that defendant knew of the existence of tacks on its floor and failed to correct the condition; furthermore, plaintiff stated that he saw a worker vacuuming tacks, and he thus had a duty to use reasonable care to avoid injury from this known danger.

**Am Jur 2d, Premises Liability §§ 29 et seq.**

Appeal by plaintiff from judgment entered by Judge J. Marlene Hyatt on 12 August 1993 in Catawba County Superior Court. Heard in the Court of Appeals 3 October 1994.

*Eisele & Ashburn, P.A., by Douglas G. Eisele, for plaintiff appellant.*

*Sigmon, Clark, Mackie & Hutton, P.A., by Jeffrey T. Mackie and J. Scott Hanvey, for defendant appellee.*

FARRELLY v. HAMILTON SQUARE

[119 N.C. App. 541 (1995)]

COZORT, Judge.

Plaintiff appeals from order granting summary judgment to defendant on plaintiff's claim for negligence. We affirm.

Defendant owned Hamilton Square and leased part of its building to various furniture manufacturers and dealers for the purpose of displaying their products at the High Point Furniture Market. Defendant kept and maintained common areas including the hallways in the building. The tenants kept and maintained their respective showrooms, and defendant had no responsibility for the leased areas. Eddie Forward managed defendant's building and supervised two to four employees who cleaned up trash generated by the Market. Also, a cleaning service performed general maintenance work including cleaning the bathrooms and hallways.

On 13 April 1988, plaintiff was in High Point to attend the High Point Furniture Market at Hamilton Square. Plaintiff was employed as a representative of various furniture and accessory manufacturers including Virginia Clocks and Churchill Clocks, who are tenants at Hamilton Square. Plaintiff stayed with Keith and Beth Hawkes near the towns of Archdale and Thomasville the night before the Market. He left the Hawkes' residence early on the morning of 13 April 1988, drove to High Point, and parked in the parking lot at Hamilton Square between 8:00 a.m. and 8:30 a.m. He went to the Virginia Clocks showroom on the lobby level of Hamilton Square and remained until 11:30 a.m. Plaintiff then walked out of the Virginia Clocks showroom onto a brick cobblestone floor leading to a carpeted area that went to an elevator, which he took to the third floor.

On the third floor, plaintiff went to the showroom of Churchill Clocks where he remained until approximately 3:00 p.m. or 4:00 p.m. He may have gone to the men's room on the same floor during this period. While in the showroom at Churchill Clocks, plaintiff observed a man vacuuming the hallway outside the showroom. Also, he saw the operator stop the vacuum to remove tacks from the vacuum cleaner on two occasions. One of the tacks was similar to one later found in plaintiff's shoe.

Plaintiff left Hamilton Square at approximately 5:00 p.m. and drove directly to the home of John Daly. After dinner, he removed his sweater and shoes. Upon removal of his right shoe, plaintiff discovered a tack penetrating through the bottom of his shoe and found blood in the bottom of his shoe. Plaintiff described the tack as one

used for decorative purposes in upholstered furniture. Plaintiff was unable to feel the tack penetrating through his shoe into his right foot because of the neuropathy he had experienced for three years prior to this incident. The neuropathy, a result of complications of diabetes, causes plaintiff not to have feeling in his right foot. Plaintiff reported this incident to defendant approximately four to six months later. He told an employee of Hamilton Square that he did not know if the injury occurred in Hamilton Square since he was in several buildings during the day.

Plaintiff does not know where he stepped on the tack. He did not notice anything unusual about his right foot on the night of 12 April or the morning of 13 April when he dressed before going to Hamilton Square. He did not see any tacks on the floor prior to seeing the person vacuuming the tacks, does not know how long the tacks had been on the floor, and cannot describe with any certainty the tack found in his shoe. His evidence showed that Mr. Forward noticed tacks and sharp objects on the Hamilton Square floor prior to the 1988 Market.

On 2 July 1992, plaintiff commenced this civil action seeking to recover medical expenses, loss of income, and compensation for pain and suffering allegedly resulting from defendant's negligence in allowing a hazardous condition to exist in the common area without giving to the plaintiff notice or warning of the existence of the condition. On 4 September 1992, defendant answered, denying any negligence and alleging that plaintiff was contributorily negligent. After discovery, defendant filed a motion for summary judgment. Judge Marlene Hyatt heard defendant's motion on 9 August 1993 and granted summary judgment for defendant on 12 August 1993.

Plaintiff contends on appeal the trial court erred in granting defendant's motion for summary judgment. Plaintiff contends the evidence of record and the reasonable conclusions arising therefrom create a jury issue on the question of defendant's negligence and do not show that plaintiff was contributorily negligent as a matter of law. We affirm.

Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The party moving for summary judgment has the burden of showing there is no triable issue of material fact. *Pembee Manufacturing Corp. v. Cape Fear Construction Co.*, 313

N.C. 488, 491, 329 S.E.2d 350, 353 (1985). " 'The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim . . . .' " *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). Once the movant meets his burden, the burden then shifts to the non-moving party to show that a genuine issue exists by forecasting sufficient evidence of all essential elements of the claim. *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). The court must look at the evidence in the light most favorable to the non-moving party and with the benefit of all reasonable inferences. *Isbey v. Cooper Companies, Inc.*, 103 N.C. App. 774, 775, 407 S.E.2d 254, 256 (1991), *disc. review denied*, 330 N.C. 613, 412 S.E.2d 87 (1992).

In a premises liability case involving injury to an invitee, the owner of the premises has a duty to exercise " 'ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision.' " *Roumillat*, 331 N.C. at 64, 414 S.E.2d at 342 (quoting *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963)). To prove negligence, plaintiff must show that defendant either negligently created the condition which caused the injury or negligently failed to correct the condition after actual or constructive notice of the condition. *Roumillat*, 331 N.C. at 64, 414 S.E.2d at 342-43.

Plaintiff does not allege in his complaint that defendant negligently created the condition. The only question here is whether defendant failed to correct the condition after notice of its existence. While plaintiff does allege that defendant should have known of the condition and failed to correct it, he must show that the condition had existed long enough to give defendant notice. Plaintiff has failed to offer such evidence. *See Roumillat*, 331 N.C. at 64, 414 S.E.2d at 343. We cannot assume the condition existed long enough for defendant to have notice. *See Roumillat*, 331 N.C. at 67, 414 S.E.2d at 344. Plaintiff here can neither show that defendant negligently created the condition nor that defendant failed to correct a condition after actual or constructive notice of its existence.

Plaintiff argues that his case should go to the jury where the facts and circumstances support the more reasonable probability that the defendant was negligent. *See Sabol v. Parrish Realty of Zebulon, Inc.*, 77 N.C. App. 680, 686, 336 S.E.2d 124, 127 (1985), *affirmed*, 316 N.C. 549, 342 S.E.2d 522 (1986). He asserts that defendant's employee, Eddie Forward, observed tacks on the floor prior to the Market, which constitutes circumstantial evidence of notice. Plaintiff further contends that the facts and circumstances in the present case establish the "more reasonable probability" that plaintiff stepped on the tack in the third floor common area hallway in that he began the day without an injury to his right foot, he drove directly to Hamilton Square, he visited the Virginia Clocks showroom and Churchill Clocks showroom in defendant's building, he used the common areas between the showrooms, and he observed tacks in the common area on the third floor similar to the one later found in his shoe. We disagree.

"Plaintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper." *Roumillat*, 331 N.C. at 68, 414 S.E.2d at 345. In this case, plaintiff failed to establish that the condition existed long enough for defendant to know of its existence in time to have removed the danger or to give a proper warning. Also, plaintiff may have stepped on the tack any number of places in addition to the common areas in Hamilton Square, including one of the residences or showrooms he visited on the day of his injury. We hold that plaintiff's evidence is mere speculation.

Plaintiff also argues that *Ricks v. R.R.*, 173 N.C. 696, 91 S.E. 363 (1917) is dispositive on this question. In *Ricks*, plaintiff drove his horse-drawn wagon onto defendant's property to unload fertilizer. *Id.* at 697, 91 S.E. at 364. His horse stepped on a nail in a plank covered by mud and water, resulting in the horse's death from lockjaw. *Id.* The Supreme Court held that the injury on defendant's property alone was not sufficient to hold defendant liable for negligence; however, considering "the general condition of the yard was bad," the question of negligence was properly submitted to the jury. *Id.*

Plaintiff's reliance on *Ricks* is misplaced. First, the plaintiff in *Ricks* could prove when and where the injury occurred, unlike plaintiff in the present case who cannot show sufficient evidence of when and where he stepped on the tack. Furthermore, the *Ricks* court appears to emphasize "the general condition of the yard" in order to

reach its decision. Here, we have no evidence that the general condition of defendant's premises was bad. *Ricks* is distinguishable from the instant case.

Furthermore, a premises owner does not have to warn an invitee of apparent hazards or circumstances of which the invitee has equal or superior knowledge. *Roumillat*, 331 N.C. at 67, 414 S.E.2d at 344. A reasonable person should be observant to avoid injury from a known and obvious danger. *Id.* In the case below, plaintiff stated he saw a worker vacuuming tacks. He should have used reasonable care at this point to avoid injury from this known danger, especially considering the neuropathy which prevented his feeling a tack penetrating his foot. Moreover, assuming defendant was found to be negligent, plaintiff's failure to use reasonable care in avoiding obvious dangers would constitute contributory negligence and would serve as a bar to recovery.

Plaintiff has failed to forecast sufficient evidence of the essential elements of his claim. The trial court properly granted summary judgment for defendant.

Affirmed.

Chief Judge ARNOLD and Judge LEWIS concur.