DEBORAH HUSSEY, Plaintiff v. JERRY W. SEAWELL, Defendant

No. COA99-487

(Filed 21 March 2000)

**Premises Liability— lawful visitor—foreseeable danger—warnings required**

In a negligence case in which plaintiff, a lawful visitor, was injured while moving two of defendant's horses from one pasture to another when a gate located on defendant's property swung closed hitting the second horse before it cleared the passageway, causing the horse to rear up and trapping plaintiff between the

two horses where she was kicked in the face by one of the two horses, the trial court did not err by denying defendant's motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial, because a reasonable juror could conclude the gate was not safe in light of the use plaintiff was required to make of it, and therefore, defendant had a duty to warn plaintiff of foreseeable danger, where the evidence shows that defendant knew that the gate would close on its own, one of the horses had a "spirited" nature, and horses would "tend to spook" if hit from behind.

Appeal by defendant from verdict and judgment filed 18 September 1998 and from order filed 8 October 1998 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 25 January 2000.

*Van Camp, Hayes & Meacham, P.A., by James R. Van Camp and Michael J. Newman, for plaintiff-appellee.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Steven C. Lawrence, for defendant-appellant.*

GREENE, Judge.

Jerry Wade Seawell (Defendant) appeals from the denial of his motion for a directed verdict at the close of all of the evidence, a judgment filed 17 September 1998 in favor of Deborah Faye Hussey (Plaintiff), and an order filed 8 October 1998 denying Defendant's motion for judgment notwithstanding the verdict and alternatively Defendant's motion for a new trial.

On 12 December 1996, at Defendant's request, Plaintiff was moving two of Defendant's horses from one pasture to another. One of these horses was a "spirited horse" and had on previous occasions attempted to kick people. To make the transfer, Plaintiff and the horses had to pass through an iron tubing gate located on Defendant's property, and the gate was installed on posts with hinges. When the gate was first installed, the gate would remain open after it was swung open. Sometime after its installation, Defendant modified the hinges so the gate would not remain open after opening and instead would swing closed a short time after being opened.

Defendant did not inform Plaintiff about the condition of the gate and did not inform her about the prior kicking incidents with one of

the horses.[1] Plaintiff approached the horses in the pasture, placed halters on them, and began leading them to the other pasture. As she approached the gate, she opened it, swung it back, and began leading the horses through the gate. Before the second horse cleared the passageway, the gate swung closed hitting this horse in the hindquarters. The horse "reared straight up in the air," taking Plaintiff into the air and trapping her between the two horses. She was kicked in the face by one of the horses, receiving injuries requiring several surgeries and leaving her with some partial paralysis.

Defendant's motion for a directed verdict was denied. The case was submitted to the jury on negligence and contributory negligence. The jury was instructed Plaintiff was an invitee on Defendant's land and Defendant had a duty to "keep the premises in a reasonably safe condition," and to warn Plaintiff "of any hidden or concealed dangerous condition about which [Defendant] knows or, in the exercise of ordinary care, should have known." The instruction further provided that Defendant was not "required to warn of obvious dangers or conditions."

The jury found Defendant was negligent and Plaintiff was not contributorily negligent, and it entered a damage award of $60,000. Defendant's motion for a judgment notwithstanding the verdict and alternatively, for a new trial was denied.

The dispositive issue is whether there exists substantial evidence Defendant, a landowner, breached his standard of care to Plaintiff, a lawful visitor on his property.

Defendant first submits this case must be judged by the law as it existed prior to Nelson v. Freeland, 349 N.C. 615, 507 S.E.2d 882 (1998), because this case was tried prior to the decision in Nelson and consistent with the law as it existed prior to Nelson. We disagree. The teachings of Nelson are to be applied retrospectively, as well as prospectively, Nelson, 349 N.C. at 633, 507 S.E.2d at 893, and we must, therefore, review the issues raised in this appeal in that context.

Defendant argues he had no duty to warn Plaintiff of the "free-swinging" nature of the farm gate, because it did not present a "hazardous or dangerous condition." In any event, he contends, the con-

---

1. Defendant testified he knew if a horse gets hit by something, particularly a gate from behind, it will tend to spook or act up.

dition of the gate was obvious to Plaintiff and, therefore, no warning was required.

Under *Nelson*, a landowner has a duty to any lawful visitor on his property "to take reasonable precautions to ascertain the condition of [his] property *and* to either make it reasonably safe or give warnings as may be reasonably necessary to inform . . . of any foreseeable danger." *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 161, 516 S.E.2d 643, 646, *cert. denied*, 351 N.C. 107, —— S.E.2d —— (1999). Whether the actions of the landowner are reasonable are to be judged against the conduct of a reasonably prudent person under the circumstances. *Id.* at 161, 516 S.E.2d at 646. "[T]here is no duty to protect a lawful visitor against dangers which are either known to him or so obvious and apparent that they reasonably may be expected to be discovered." *Id.* at 162, 516 S.E.2d at 646.

In this case, the evidence shows Defendant was aware the gate through which Plaintiff would have to pass with the horses would not remain open, one of the fenced horses had a "spirited" nature, and horses "tend to spook" if hit from behind. Under the circumstances, was the gate reasonably safe? A reasonable juror could accept the evidence as sufficient to support the conclusion it was not safe in light of the use Plaintiff was required to make of the gate. *See Cobb v. Reitter*, 105 N.C. App. 218, 220, 412 S.E.2d 110, 111 (1992) (directed verdict not proper if there exists substantial evidence in support of claim). If not safe, Defendant had a duty to warn Plaintiff of foreseeable danger, and a reasonable juror could accept the evidence in this case as sufficient to support the conclusion that the incident causing Plaintiff's injuries was foreseeable.[2] It follows the trial court correctly denied both the motion for directed verdict and the motion for judgment notwithstanding the verdict.[3] *Jacobsen v. McMillan*, 124

2. This duty to warn would not exist if the danger to Plaintiff was "so obvious and apparent that [it] reasonably may be expected to be discovered" by Plaintiff. *Lorinovich*, 134 N.C. App. at 162, 516 S.E.2d at 646. Defendant appears to suggest the evidence supports a determination as a matter of law that the danger to Plaintiff was "obvious and apparent." That is not the case. Indeed, it is questionable whether there is any evidence to support an instruction on this issue. Plaintiff, however, did not object to the instruction, and, therefore, it was properly submitted to the jury.

3. In affirming the denial of these motions, we also reject Defendant's alternative argument that the evidence shows Plaintiff was contributorily negligent as a matter of law. Plaintiff's contributory negligence was a matter properly submitted to the jury. *Norwood v. Sherwin Williams Co.*, 303 N.C. 462, 468-69, 279 S.E.2d 559, 563 (1981) (directed verdict on contributory negligence proper only where plaintiff's negligence is established "so clearly that no other reasonable inference or conclusion may be drawn").

N.C. App. 128, 131, 476 S.E.2d 368, 369-70 (1996) (same standard to be applied to both motions).

We also reject Defendant's argument that the trial court erred in denying his motion for a new trial. The record does not reveal any abuse of the discretion by the trial court. *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982).

No error.

Judges LEWIS and EDMUNDS concur.