MARIKA VON VICZAY, Plaintiff v. SELINE THOMS, Defendant

No. COA99-1312

(Filed 5 December 2000)

**Premises Liability— fall on icy walkway—knowledge of icy conditions**

The trial court properly granted defendant's motion for summary judgment in a negligence action arising from plaintiff's fall on an icy walkway at defendant's house while leaving a party in high heels. Plaintiff testified to her knowledge of the ice on the walkway and is not absolved of her duty to exercise reasonable precaution simply because she claims she was distracted by the lack of light from the house or because her eyes had not adjusted to the darkness.

Judge Greene dissenting.

Appeal by plaintiff from judgment entered 12 July 1999 by Judge Oliver L. Noble, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 12 September 2000.

*John E. Tate, Jr. for plaintiff-appellant.*

*Frank J. Contrivo and Rick S. Queen for defendant-appellee.*

SMITH, Judge.

Plaintiff Marika Von Viczay (plaintiff) appeals the entry of summary judgment in favor of defendant Seline Thoms (defendant). Evidence presented on the motion tended to establish that on the evening of 20 December 1996 plaintiff attended a holiday party at defendant's home as an invited guest. The temperature on the day of the party did not rise above freezing. Snow and ice had fallen the previous night. Defendant's evidence was to the effect that all her walkways were shoveled and salted the day of the party, her driveway was plowed, and therefore, the snow and ice had melted and the walkways were "one hundred percent clear."

Plaintiff's evidence tended to show that she arrived at defendant's house at approximately 9:00 p.m. dressed in an evening gown and shoes with two to three-inch heels. Plaintiff parked her car and proceeded up the front walkway to the house, noticing the grounds surrounding the house were covered in snow and ice. Plaintiff saw

patches of snow and ice along the walkway, but was able to avoid them because the walkway was sufficiently illuminated by light coming from the house.

Plaintiff left defendant's party at approximately 11:30 p.m. She exited through the front door and proceeded down the same front walkway on which she had arrived. Plaintiff had difficulty seeing the walkway because her back was to the light of the house and her eyes had not adjusted to the darkness. After taking approximately ten steps down the walkway, plaintiff slipped on a patch of ice and fell, sustaining injuries which included a compound wrist fracture.

On 17 September 1998, plaintiff filed the instant action alleging defendant's negligence in failing to discover and remove the ice from the front walkway and in failing to warn plaintiff of the dangerous condition. On 1 March 1999, defendant moved for summary judgment, and on 12 July 1999 the trial court granted the motion, finding "no genuine issue as to any material fact" and that defendant is "entitled to a judgment as a matter of law." Plaintiff appeals.

---

Plaintiff assigns error to the trial court's grant of summary judgment in favor of defendant on grounds that plaintiff presented evidence demonstrating a genuine issue of material fact as to defendant's negligence. It is well established that the standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, "(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." *Gaunt v. Pittaway*, 139 N.C. App. 778, ——, 534 S.E.2d 600, —— (2000) (citations omitted).

In order to survive a defendant's motion for summary judgment, a plaintiff must establish a prima facie case of negligence by showing: "(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances." *LaVelle v. Schultz*, 120 N.C. App. 857, 859-60, 463 S.E.2d 567, 569 (1995), *disc. review denied*, 342 N.C. 656, 467 S.E.2d 715 (1996). If any such elements are lacking from plaintiff's show of evidence, summary judgment is proper. *See Id.* at 862, 467 S.E.2d at 571.

Our Supreme Court recently abolished the distinction between licensees and invitees and held both are owed the duty of reasonable care. *See Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998), *reh'g denied*, 350 N.C. 108, 533 S.E.2d 467 (1999). Plaintiff expends considerable effort in her brief to this Court focusing on defendant's knowledge of the dangerous condition. Indeed, defendant's own testimony that she had the driveway plowed and walkways surrounding the house plowed and salted evidences her knowledge of the potential danger. However, the pivotal issue in this case is not defendant's knowledge of the condition, but is plaintiff's knowledge.

A landowner is under no duty to protect a visitor against dangers either known or so obvious and apparent that they reasonably may be expected to be discovered. *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 162, 516 S.E.2d 643, 646 (citation omitted), *cert. denied*, 351 N.C. 107, —— S.E.2d —— (1999); *see also Hussey v. Seawell*, 137 N.C. App. 172, 175, 527 S.E.2d 90, 92 (2000). Similarly, a landowner need not warn of any "apparent hazards or circumstances of which the invitee has equal or superior knowledge." *Jenkins v. Lake Montonia Club, Inc.*, 125 N.C. App. 102, 105, 479 S.E.2d 259, 262 (1997) (citation omitted). Rather, "[a] reasonable person should be observant to avoid injury from a known and obvious danger." *Farrelly v. Hamilton Square*, 119 N.C. App. 541, 546, 459 S.E.2d 23, 27 (1995) (citation omitted).

In *Bryd v. Arrowood*, 118 N.C. App. 418, 421, 455 S.E.2d 672, 674 (1995), the plaintiff slipped on the floor of the defendant-church after rain water had been tracked into the church. In holding summary judgment for the defendant proper, our Supreme Court emphasized the plaintiff could not forecast evidence that the church had actual or constructive notice of the dangerous condition; rather, the evidence established the plaintiff had equal or superior knowledge of the condition:

> Even if the floor was wet due to the rain that evening, this condition would have been an obvious danger of which plaintiff should have been aware since she knew it was raining outside and it was likely that people would track water in on their shoes. Plaintiff's assertions that the crowded conditions and the presence of young children prevented her from seeing the floor do not overcome the obvious fact that the floor might have been wet due to people tracking in. These factors would only put plaintiff on notice to be extra careful. Since plaintiff and the church had equal knowledge of this obvious danger and since plaintiff has

not shown that the church had actual or constructive notice that this spot was wet, the church had no duty to warn plaintiff of this potential peril.

*Id.* at 421-22, 455 S.E.2d at 674.

Similarly, in *Wrenn v. Hillcrest Convalescent Home, Inc.*, 270 N.C. 447, 448, 154 S.E.2d 483, 484 (1967), our Supreme Court affirmed dismissal of the plaintiff's suit where evidence showed the plaintiff had equal or superior knowledge of the icy condition of the defendant's sidewalk on which the plaintiff slipped and fell:

> There is plenary evidence that plaintiff had full knowledge of the freezing and icy condition of the area. The danger created by this condition was obvious, and plaintiff's evidence presents no facts from which it can be inferred that defendant had more knowledge than plaintiff of the alleged dangerous or unsafe condition. Thus, considering all the evidence . . . we hold that the evidence shows no actionable negligence on the part of defendant.

*Id.* at 448-49, 154 S.E.2d at 484.

In the present case, plaintiff testified to her knowledge of the ice on the walkways; she saw icy patches as she traversed the walkway that led to the front door. Furthermore, as in *Byrd*, plaintiff is not absolved of her duty to exercise reasonable precaution simply because she claims she was distracted by the lack of light from the house or because her eyes had not focused to the darkness. The fact remains that plaintiff, wearing high heeled dress shoes, proceeded down a darkened walkway which she knew contained patches of ice. Defendant had no duty to either protect plaintiff from or warn plaintiff about this obvious danger where the "evidence presents no facts from which it can be inferred that defendant had more knowledge than plaintiff of the alleged dangerous or unsafe condition." *Wrenn*, 270 N.C. at 449, 154 S.E.2d at 484; *see also, e.g., Lorinovich*, 134 N.C. App. at 162, 516 S.E.2d at 646; *Jenkins*, 125 N.C. App. at 105, 479 S.E.2d at 262. The trial court properly granted defendant's motion for summary judgment.

Affirmed.

Judge EDMUNDS concurs.

Judge GREENE dissents.

VON VICZAY v. THOMS

[140 N.C. App. 737 (2000)]

Judge GREENE dissenting.

I disagree with the majority that no genuine issue of material fact exists regarding whether defendant owed plaintiff a duty. I, therefore, dissent. Additionally, because I believe there is a genuine issue of material fact regarding defendant's duty to plaintiff, I address defendant's argument that plaintiff is barred from recovery on the ground she was contributorily negligent.

### Duty

Generally, "there is no duty to protect a lawful visitor against dangers which are either known to him or so obvious and apparent that they reasonably may be expected to be discovered." *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 162, 516 S.E.2d 643, 646, *cert. denied*, 351 N.C. 107, —— S.E.2d —— (1999). An occupier of land, however, has a duty to take precautions against " '*obvious*' " dangers when a reasonable person would " 'anticipate an unreasonable risk of harm to the [visitor] *notwithstanding* [the visitor's] *knowledge, warning, or the obvious nature of the condition.*' " *Southern Railway Co. v. ADM Milling Co.*, 58 N.C. App. 667, 673, 294 S.E.2d 750, 755 (quoting William L. Prosser, *Handbook of the Law of Torts* § 61, at 394-95 (4th ed. 1971) [hereinafter *Law of Torts*]), *disc. review denied*, 307 N.C. 270, 299 S.E.2d 215 (1982). When a plaintiff presents evidence that an unreasonable risk of harm exists, the issue of whether a defendant has "fulfilled its responsibility to keep the premises in a reasonably safe condition so as not to expose [the plaintiff] to unnecessary dangers" is a question of fact for the jury. *Id.* at 674, 294 S.E.2d at 756.

In this case, plaintiff presented evidence that defendant had a party in her home and appropriate attire for the party included dress shoes. Defendant's walkway leading from a parking area to her home contained patches of ice and snow and was illuminated only by lighting coming from inside the home. Visitors to defendant's home used this walkway to enter and leave the home. Based on this evidence, viewed in the light most favorable to the plaintiff, a jury could determine that a reasonable person would "anticipate an unreasonable risk of harm" to a visitor using the walkway regardless of whether the visitor was aware the walkway contained patches of ice and snow. *See id.* at 673, 294 S.E.2d at 755 (conditions such as icy steps that " 'cannot be negotiated with reasonable safety even though the [visitor] is fully aware of [the conditions]' " may create unreasonable risk of harm to the visitor (quoting *Law of Torts* § 61, at 394-95)). Whether

defendant owed a duty to plaintiff and whether that duty was breached was, therefore, a question for the jury.

### Contributory negligence

Defendant argues in her brief to this Court that, assuming she breached a duty owed to plaintiff, plaintiff is nevertheless "barred from recovery as a matter of law since there is no genuine issue as to [plaintiff's] own contributory negligence." I disagree.

"[A] plaintiff's right to recover in a personal injury action is barred upon a finding of contributory negligence." *Cobo v. Raba*, 347 N.C. 541, 545, 495 S.E.2d 362, 365 (1998). A plaintiff is contributorily negligent when she fails to use due care to protect herself from risk of injury if the risk would have been apparent to "a prudent person exercising ordinary care for [her] own safety." *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980). "In those instances where the landowner retains a duty to [a] lawful visitor even though an obvious danger is present, the obvious nature of the danger is *some* evidence of contributory negligence on the part of the lawful visitor." *Lorinovich*, 134 N.C. App. at 162-63 n.2, 516 S.E.2d at 646 n.2 (emphasis added).

In this case, assuming the jury determined defendant owed a duty to plaintiff and defendant breached that duty, the obvious nature of the danger caused by snow and ice on the walkway would be some evidence that plaintiff was contributorily negligent by walking on the walkway. Plaintiff, however, presented evidence that when she went to leave defendant's party, an employee of defendant unlocked and opened an exit door leading to the walkway and plaintiff exited through the door. The employee locked the door behind plaintiff. Whether a reasonable person would have attempted to reenter defendant's house and ask for assistance under these circumstances is a question of fact for the jury. *See id.* at 163, 516 S.E.2d at 647. Accordingly, I would reverse the trial court's order granting summary judgment in favor of defendant.