An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-749

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

VIOLA SIMMONS,
    Plaintiff,

v.

FAYETTEVILLE STATE UNIVERSITY,
    Defendant.

North Carolina
Industrial Commission
I.C. No. TA-22342

Appeal by plaintiff from decision and order entered 18 March 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 December 2013.

*Viola Simmons, pro se, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Alesia Balshakova, for defendant-appellee.*

HUNTER, JR., Robert N., Judge.

Plaintiff appeals from a decision and order of the North Carolina Industrial Commission denying her claim for damages under the North Carolina Tort Claims Act. Because plaintiff has failed to present a cognizable, properly supported argument to this Court as required by N.C. R. App. P. 28(b)(6), we dismiss her appeal.

On 20 April 2011, plaintiff filed a negligence claim against defendant under the Tort Claims Act after she slipped and fell on campus on the morning of 12 January 2011. Defendant had cancelled classes the preceding day in response to a winter storm that brought ice, snow, and freezing rain. While walking to her 10:00 a.m. class on 12 January 2011, plaintiff noticed that the sidewalk had been treated for ice. Because the broken ice had not been removed from the sidewalk, plaintiff "carefully avoided the broken ice." On the sidewalk between the New Residence Dormitory and the nursing building, however, plaintiff encountered what she described as a patch of "clear ice, something like they call black ice, like you can't tell it's there." Plaintiff lost her footing on the ice and fell backward, striking her head on the ground. She was taken by ambulance to a hospital and was diagnosed with strains to her neck and lower back. Plaintiff missed three days of school following the incident.

Alan Ray Williams, defendant's Director of Operations, was responsible for clearing ice from the sidewalks of the 186-acre campus. His staff of fifteen to seventeen employees treated the sidewalks with a brine solution ahead of the storm on 11 January 2011 and physically cleared them of ice and snow thereafter.

Although his staff had resumed clearing the sidewalks at 5:00 a.m. on 12 January 2011—beginning with the location where plaintiff fell—Williams testified that they could never be sure to get all the icy spots off the sidewalks given the size of the campus and the number of sidewalks thereon. He noted that "this event was a freezing event and anything that was melted the previous day if it puddled it refroze over night [sic]."

After a hearing on 8 May 2012, a deputy commissioner filed a decision and order awarding plaintiff $14,500 in damages. Defendant appealed to the Full Commission, which reversed the deputy commissioner's award and denied plaintiff's negligence claim. Citing *Von Viczay v. Thoms*, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000), *aff'd per curiam*, 353 N.C. 445, 545 S.E.2d 210 (2001), the Commission concluded that defendant had no duty to warn plaintiff of the obvious danger presented by snow and ice on its walkways, absent evidence that its employees had superior knowledge as to a particular hazard. Thus, because plaintiff "failed to present any evidence showing that any employee of Defendant had knowledge of the 'black ice' on the sidewalk prior to her fall[,]" the Commission concluded that plaintiff had failed to show that defendant or its employees had

breached any duty of care owed to her. *See id.* at 740, 538 S.E.2d at 632.

In her brief to this Court, plaintiff asks that we overturn the Full Commission's decision and reinstate the deputy commissioner's damages award. She insists she had no way to know the conditions on defendant's campus until she arrived for class on 12 January 2011, and that her fall was the result of negligence by Mr. Williams in treating the sidewalks.

The purpose of appellate briefs "is to define clearly the issues presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon." N.C. R. App. 28(a). Our appellate rules provide that an appellant's brief must include, *inter alia*, "[a] statement of the issues presented for review" and "[a]n argument, to contain the contentions of the appellant with respect to each issue presented." N.C. R. App. P. 28(b)(2), (6). Moreover, an appellant's argument must "contain a concise statement of the applicable standard(s) of review for each issue" and "[t]he body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies." N.C. R. App. P. 28(b)(6). "Issues not presented in a party's

brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(2). We have "emphasize[d] that even *pro se* appellants must adhere strictly to the Rules of Appellate Procedure . . . or risk sanctions." *Strauss v. Hunt*, 140 N.C. App. 345, 348–49, 536 S.E.2d 636, 639 (2000) (citing N.C. R. App. P. 25(b)).

Plaintiff's brief fails to identify any issue for appellate review. It offers no argument, sets forth no standard of review, and cites to no authority.[1] It is not the role of this Court to construct a viable legal argument for plaintiff. *See Foster v. Crandell*, 181 N.C. App. 152, 173, 638 S.E.2d 526, 540 (2007) ("It is not the responsibility of this Court to construct arguments for a party"); *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 (2005) ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein."). Because plaintiff's gross substantive violation of N.C. R. App. P. 28(b) "impairs [this C]ourt's task of review" such that "review on the merits would frustrate the adversarial process," we conclude

---

[1] We further note that plaintiff's brief lacks "[a] concise statement of the procedural history of the case[,]" lacks "[a] statement of the grounds for appellate review" with "citation of the statute or statutes permitting appellate review[,]" and lacks "[a] full and complete statement of facts." N.C. R. App. P. 28(b)(3)–(5).

that her appeal should be dismissed pursuant to N.C. R. App. P. 34(b).  *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 366–67 (2008).  We further find no grounds to suspend our appellate rules pursuant to N.C. R. App. P. 2 to review the Full Commission's ruling.  *See id.* at 201, 657 S.E.2d at 367.

Appeal dismissed.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).