An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-879

Filed 16 July 2025

Buncombe County, No. 21 CVS 004739-100

PAMELA HILL, Plaintiff,

v.

SWATI, LLC, d/b/a HOLIDAY INN EXPRESS
HOTEL AND SUITES, a NORTH CAROLINA
LIMITED LIABILITY COMPANY, Defendant.

Appeal by Plaintiff from judgment entered 14 May 2024 by Judge Karen Eady-Williams in Buncombe County Superior Court. Heard in the Court of Appeals 8 April 2025.

> *Sellers, Ayers, Dortch & Lyons, PA, by Attorney Brett E. Dressler, for Plaintiff–Appellant.*

> *Hall Booth Smith, PC, by Attorney J. Boone Tarlton, for Defendant–Appellee.*

MURRY, Judge.

Pamela Hill (Plaintiff) appeals the trial court's summary judgment for Swati, LLC (Defendant) after she sued it for failing to clear its parking lot of black ice, causing her to slip and fall. For the reasons below, this Court affirms the trial court's summary judgment.

## I.    Background

On 10 December 2018, Plaintiff and her mother arrived in Asheville, N.C. to stay the night at Defendant's Holiday Inn Express (the hotel). Plaintiff parked in the hotel's remaining handicapped spot for which she had a valid handicap-parking placard due to previous knee surgeries. Vehicles already occupied three of the four handicapped spots closest to the hotel's entrance door, with the only remaining space partially obstructed by snow. In pretrial depositions, Plaintiff confirmed that she parked on top of the snow to make room in the spot by "mak[ing] tracks a little bit forward . . . three times" over the snowbank.

That next morning, Plaintiff and her mother walked gingerly around their car to avoid slipping on the black ice atop the parking lot's asphalt. As they attempted to open their car doors, Plaintiff slipped and hit her head on the ice, knocking her unconscious. Plaintiff sued Defendant, alleging that it negligently "breached [its] duty . . . to exercise reasonable care" in mitigating "the dangerous condition presented by [the] icy parking lot" on which she slipped. The trial court heard Defendant's motion for summary judgment on 13 May 2024, which it granted the next day. Plaintiff timely appealed to this Court on 21 May 2024.

## II.    Jurisdiction

This Court has jurisdiction to hear Plaintiff's appeal of the trial court's summary judgment for Defendant because it is a "final judgment of a superior court." N.C.G.S. § 7A-27(b)(1) (2023).

### III.    Analysis

On appeal, Plaintiff argues that the trial court erred by granting summary judgment to Defendant. She asserts that Defendant breached its duty to warn her of the "open and obvious nature of the black ice" on which she slipped and fell. We review a summary judgment *de novo. Cranes Creek, LLC v. Neal Smith Eng'g, Inc.*, 291 N.C. App. 532, 534 (2023). In reviewing the record for a "genuine issue as to any material fact," N.C. R. Civ. P. 56(c), we draw "[a]ll inferences of fact . . . in favor of the nonmovant"—here, Plaintiff. *Roumillat v. Simplistic Enters.*, 331 N.C. 57, 63 (1992), *abrogated on other grounds by Nelson v. Freeland*, 349 N.C. 615 (1998). Because the evidence indicates that Plaintiff "had equal or superior knowledge . . . of the freezing and icy condition of" her parking spot, this Court holds that the trial court did not err and affirms its summary judgment for Defendant. *Wrenn v. Hillcrest Convalescent Home, Inc.*, 270 N.C. 447, 448 (1967) (per curiam) (citation omitted).

A successful common-law negligence claim requires a plaintiff to show that "the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the plaintiff's injury was proximately caused by the breach." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 473 (2002). A landowner that holds open its property to the public owes a duty "to exercise reasonable care to provide for the safety of all lawful visitors." *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 161 (1999). To fulfill this duty in relevant part, the landowner must "take reasonable precautions to ascertain the condition of the property *and* . . . give warnings as may

be reasonably necessary to inform the invitee of any foreseeable danger." *Id.* at 161–62. But a defendant landowner has *no* duty to warn of "dangers . . . so obvious and apparent that [it] reasonably . . . expect[s]" visitors to discover them. *Id.* at 162 (citing *Wrenn*, 270 N.C. at 448). It may be subject to liability if it fails to "anticipate that a dangerous condition will likely cause physical harm," *id.*; however, a potential plaintiff may abrogate this duty if she "has equal or superior knowledge" of that condition. *Goynias v. Spa Health Clubs*, 148 N.C. App. 554, 557 (2002) (quoting *Roumillat*, 331 N.C. at 66), *aff'd per curiam mem.*, 356 N.C. 290 (2002). Our common law presumes that "[r]easonable persons are . . . vigilant in . . . avoid[ing] . . . injury in the face of a known and obvious danger." *Roumillat*, 331 N.C. at 66.

We analogize the facts here to those analyzed in *Grayson v. High Point Dev. LP*, 175 N.C. App. 786 (2006), and in *Von Viczay v. Thoms*, 140 N.C. App. 737 (2000), *aff'd per curiam mem.*, 353 N.C. 445 (2001). In *Grayson*, the plaintiff worked at a Belk clothing store that leased its space from the defendant landlord. *Id.* at 787. When the plaintiff walked across the nighttime parking lot to leave work one day, she "slipped on some ice and fell[,] . . . fractur[ing] . . . both wrists." *Id.* In pretrial depositions, the plaintiff admitted to her "aware[ness] of the snow and ice when she arrived at work" that morning. *Id.* She could "see that the parking lot was covered with ice as the lights in the parking lot . . . shin[ed]" and "even commented to two co-workers . . . that 'somebody's going to get killed out here' as she stepped onto the ice." *Id.* After outlining the same negligence caselaw principles as those above, the *Grayson* Court

affirmed the summary judgment for the defendant. *Id.* at 789. Much like Defendant here, the Court reasoned that the parties raised "no issue of genuine fact that [the] defendant owed" the plaintiff any duty because her "own testimony demonstrate[d] that she knew of the hazardous condition." *Id.*

So too in *Von Viczay v. Thoms*. There, this Court affirmed the trial court's summary judgment for the defendant on whose icy front steps the plaintiff slipped while leaving a Christmas party. *Von Viczay*, 140 N.C. App. at 738, 740. Several hours before she fell, the plaintiff arrived at the defendant's house around 9:00 PM "dressed in an evening gown and shoes with two[-] to three-inch heels." *Id.* at 737. She walked "up the front walkway to the house" and commented on how "the grounds surrounding the house were covered in snow and ice." *Id.* She suffered a compound wrist fracture from the later fall. *Id.* at 738. The *Von Viczay* Court compared the plaintiff's claim to that brought in *Wrenn*. *Id.* at 739. Much like we do here, that Court reasoned that she could not survive summary judgment because she "had full knowledge of the freezing and icy condition of the area" and had "testified to [that] knowledge." *Id.* at 740 (quoting *Wrenn*, 270 N.C. at 448).

Here, Plaintiff acknowledges parking her car in a handicapped[1] spot with snow piled "in and around it" the night before her fall. This could reasonably have caused

---

[1] In her brief, Plaintiff briefly characterizes herself as "[with]in a class of persons protected under various laws, such as the [presumably federal] Americans with Disabilities Act." Although this conclusory statement is plausible on its face, the larger "body of the argument" does not "contain [any]

the "snow or ice" beneath her car "to melt and then refreeze" by the next morning of her fall. But by her own depositional testimony, she "did[ ]n[o]t look" to see whether "any [other] parking spots in the parking lot . . . did not have snow in them" before parking in that spot the day before. And that next morning as they walked around her car before the fall, Plaintiff warned her mother to "be careful" because "it's icy." Viewed in a light most favorable to Plaintiff, she knew the risks of the ice surrounding her parked car. Thus, this Court affirms the trial court's summary judgment for Defendant.

## IV.     Conclusion

For the above reasons, this Court holds that the trial court did not err and thus affirms its summary judgment for Defendant.


AFFIRMED.

Judges STROUD and STADING concur.

Report per Rule 30(e).

---

citations of the authorities upon which the appellant relies." N.C. R. App. P. 28(b)(6). Because this argument contains no further "reason or argument," we must "take[ ] [it] as abandoned," *id.* and consider her a member "of the population at-large as a matter of law."