CORINTHIA BYRD v. MARY ELIZABETH ARROWOOD (MOORE), INDIVIDUALLY AND AS A PARTNER OF: BALL, KELLEY & ARROWOOD P.A.; BALL, KELLEY, BARDEN & ARROWOOD; BALL, KELLEY, BARDEN, MATNEY & ARROWOOD "P.A."; ERVIN L. BALL, INDIVIDUALLY AND AS A PARTNER OF: BALL, KELLEY & ARROWOOD P.A.; BALL, KELLEY, BARDEN & ARROWOOD P.A.; BALL, KELLEY, BARDEN, MATNEY & ARROWOOD "P.A."; PHILLIP G. KELLEY, INDIVIDUALLY AND AS A PARTNER OF: BALL, KELLEY & ARROWOOD P.A.; BALL, KELLEY, BARDEN & ARROWOOD P.A.; BALL, KELLEY, BARDEN, MATNEY & ARROWOOD "P.A."; STEVEN L. BARDEN III. INDIVIDUALLY AND AS A PARTNER OF: BALL, KELLEY, BARDEN & ARROWOOD P.A., BALL, KELLEY, BARDEN, MATNEY & ARROWOOD "P.A."

No. 9428SC316

(Filed 4 April 1995)

**Attorneys at Law § 47 (NCI4th)— legal malpractice claim— inability to win underlying case—summary judgment proper—effect of failure to answer amended complaint**

The trial court properly entered summary judgment for defendants on plaintiff's legal malpractice claim where plaintiff failed to show that she would have won her underlying slip and fall case against a church; furthermore, there was no merit to plaintiff's claim that the trial court erred by granting summary judgment to one defendant who failed to answer the amended complaint, since she did answer the original complaint, the amended complaint served primarily to add other defendants, and summary judgment may be entered at any time, including prior to the filing of responsive pleadings.

BYRD v. ARROWOOD

[118 N.C. App. 418 (1995)]

**Am Jur 2d, Attorneys at Law §§ 202, 203.**

**Measure and elements of damages recoverable for attorney's negligence in preparing or conducting litigation—Twentieth Century cases. 90 ALR4th 1033.**

Appeal by plaintiff from order signed and filed 10 September 1993 by Judge Robert D. Lewis in Buncombe County Superior Court. Heard in the Court of Appeals 11 January 1995.

*Wade Hall for plaintiff-appellant.*

*Long, Parker & Payne, P.A., by Ronald K. Payne, for defendant-appellee Mary Elizabeth Arrowood.*

*Ball Barden Contrivo & Bell, P.A., by Frank J. Contrivo, for all defendants-appellees except defendant-appellee Mary Elizabeth Arrowood.*

LEWIS, Judge.

Plaintiff filed this legal malpractice action against defendants on 28 April 1992. On 10 September 1993 the trial court granted summary judgment for all defendants. Plaintiff now appeals.

Plaintiff suffered injuries when she fell at St. Joan of Arc Catholic Church [hereinafter "church"] in Asheville on 15 May 1987. Later in 1987, plaintiff hired the firm of Ball, Kelley & Arrowood, P.A. to represent her in an action against the church. Defendant Ball began representing plaintiff and later assigned the case to defendant Arrowood. Since no action was filed until 21 May 1990, plaintiff's action against the church was barred by the three year statute of limitations. On 9 July 1991 defendant Arrowood filed a voluntary dismissal without prejudice in the action against the church. Plaintiff alleges that defendants were negligent in failing either to settle the case or file an action within the statute of limitations and that this failure was the proximate cause of the loss of her personal injury action. Plaintiff also alleges that defendants' actions amounted to gross, willful and wanton negligence justifying an award of punitive damages.

Plaintiff initially sued only defendant Arrowood, but then added the other defendants. The other defendants moved for summary judgment on 29 June 1993. Defendant Arrowood did not move for summary judgment. Plaintiff moved for partial summary judgment as to defendant Arrowood on 25 August 1993. On 10 September 1993 the

court granted summary judgment for all defendants, including defendant Arrowood.

The evidence presented at summary judgment shows that plaintiff went to the church to play bingo on the evening of 15 May 1987. According to plaintiff, it was raining that night, and the floors of the building became wet from people tracking in. During a break in the game, the patrons moved about in the building. Plaintiff walked up a sloped hall to the bathroom. She alleged that, while on her way back, she slipped and fell. Plaintiff contends that items along the wall prevented her from walking close to the wall, that no one warned her that the floor was wet, that unsupervised children were playing in the area, that the church had just polished or waxed the floor, and that the surface of the floor was slick. Plaintiff's evidence shows that her clothes were wet after the fall. Defendant's evidence reveals that plaintiff was not looking at the floor, did not see water on the floor, and does not know what caused her to fall.

The issue on appeal is whether the court erred in granting summary judgment to defendants. As to the propriety of summary judgment, the following issues are raised by the parties: (1) whether plaintiff's case could not have been won against the church so as to justify summary judgment for defendants on proximate cause, (2) whether the statute of limitations ran against any independent negligence of the defendants other than Arrowood, and (3) whether granting summary judgment to defendant Arrowood was error since she failed to answer the amended complaint.

### I. Proximate Cause

We first address whether summary judgment for defendants was proper on the issue of whether plaintiff could have prevailed on her underlying claim. One of the essential elements of negligence in a legal malpractice case is proximate cause. *See Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985). In order to establish proximate cause in a legal malpractice action, a plaintiff must prove the following elements:

(1) The original claim was valid;

(2) It would have resulted in a judgment in plaintiff's favor; and

(3) The judgment would have been collectible.

*Id.*

BYRD v. ARROWOOD

[118 N.C. App. 418 (1995)]

In reviewing the summary judgment order entered by the superior court, we must determine whether there are any genuine issues of material fact regarding the above elements. Viewing the evidence in the light most favorable to plaintiff, we find that plaintiff has failed to show that she would have won the underlying case. Because there are no genuine issues of material fact on proximate cause, plaintiff's legal malpractice case must fail.

The proof required of plaintiff in the underlying "slip and fall case" depends on whether plaintiff was an invitee or a licensee. We do not know her status as a member of the church, or a bingo club, or a paying participant, or observer. As such, we cannot determine whether plaintiff is an invitee or licensee on the record before us. However, even if plaintiff attains the higher status of invitee, she still could not have won her underlying negligence suit since she has not offered sufficient evidence that the church breached a duty to her and that this breach proximately caused her fall and injuries.

An owner of premises owes to an invitee the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn the invitee of hidden perils or unsafe conditions that can be ascertained by reasonable inspection and supervision. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992). Plaintiff argues that she could have succeeded on her underlying claim by proving that the church was negligent in creating or failing to warn plaintiff that (1) the floor was wet with water or that (2) the floor was slick from wax.

We first address the issue of whether plaintiff has produced sufficient evidence that the church had a duty to warn her that the floor was wet. An owner of premises has no duty to warn an invitee of an obvious danger or condition of which the invitee has equal or superior knowledge. *Id.* at 66, 414 S.E.2d at 344. Plaintiff admits in her deposition and in her affidavit that she knew it was raining that night. Yet, plaintiff could not say that the floor was wet when she walked to the bathroom and did not notice water on the floor after she fell. She can only say that her clothes were wet after her fall. None of these assertions shows that the church created or had actual or constructive notice that the floor was wet.

Even if the floor was wet due to the rain that evening, this condition would have been an obvious danger of which plaintiff should have been aware since she knew it was raining outside and it was likely that people would track water in on their shoes. Plaintiff's

assertions that the crowded conditions and the presence of young children prevented her from seeing the floor do not overcome the obvious fact that the floor might have been wet due to people tracking in. These factors would only put plaintiff on notice to be extra careful. Since plaintiff and the church had equal knowledge of this obvious danger and since plaintiff has not shown that the church had actual or constructive notice that this spot was wet, the church had no duty to warn plaintiff of this potential peril.

Plaintiff has also failed to present sufficient evidence that the church was negligent in waxing the floor and that the wax caused her fall. The only evidence plaintiff has offered on this issue are statements in her affidavit and an accompanying photo that the floor is polished with a highly reflective finish that makes it appear wet. Yet plaintiff admits that she was not looking at the floor at the time of her fall and does not know what caused her to fall.

Even if the floor was waxed and slick, that mere fact does not make the owner liable. *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739, 157 S.E.2d 537, 538 (1967). Here, neither plaintiff's affidavit nor the accompanying photo constitute substantial evidence that the floor actually was waxed and slick at the time of plaintiff's fall because of the actions or omissions of the church. Plaintiff has not shown how long the floor was either slick or wet, if at all. Plaintiff has failed to prove that the church had actual or constructive notice that the floor was slick, if it was. Since plaintiff has offered no other evidence to prove this theory of negligence, she has not shown that there is a genuine issue of fact as to whether she would have prevailed on this theory.

We also find no merit in plaintiff's argument that defendants' certification of the complaint against the church under N.C.G.S. § 1A-1, Rule 11 (1990) is sufficient by itself to prove that there is a genuine issue of fact on the issue of whether plaintiff could have won her underlying claim. The signature of an attorney under Rule 11 simply certifies upon reasonable inquiry that the complaint is well grounded in fact and warranted by existing law. § 1A-1, Rule 11. This signature does not demonstrate that there is a genuine issue of material fact, in light of evidence gathered after the complaint is filed, as to whether a plaintiff would actually have prevailed on the underlying claim.

Since plaintiff has failed to show that she could have proven that the church breached a duty to her, this failure alone is sufficient to defeat her underlying claim and consequently her claim for malprac-

BYRD v. ARROWOOD

[118 N.C. App. 418 (1995)]

tice against defendants. However, we note that plaintiff's failure to show what actions, if any, of defendant caused her fall also defeats the proximate cause element of her underlying claim.

## II. Statute of Limitations

Since summary judgment was properly entered against plaintiff on the proximate cause element of her legal malpractice claim, we need not address defendants' statute of limitations defenses.

## III. Arrowood's Failure to Answer Amended Complaint

Plaintiff also contends that the court erred by granting summary judgment to defendant Arrowood, who failed to answer the amended complaint. Defendant Arrowood did answer the original complaint. The amended complaint served primarily to add the other defendants. The substance of the additional allegations against defendant Arrowood were that she failed to advise plaintiff to seek independent counsel, continued to exercise a position of trust as to plaintiff and failed to exercise due care in supervising the other defendants. Even if these allegations are deemed admitted under N.C.G.S. § 1A-1, Rule 8(d) (1990) for defendant Arrowood's failure to answer, they do not establish negligence since plaintiff has failed, as discussed above, to prove the proximate cause element of her legal malpractice claim.

Plaintiff contends that the court erred by granting summary judgment before defendant Arrowood answered the amended complaint. However, summary judgment may be entered "at any time" including prior to the filing of responsive pleadings. *Kavanau Real Estate Trust v. Debnam*, 299 N.C. 510, 513, 263 S.E.2d 595, 598 (1980). Plaintiff's reliance on *Brown v. Greene*, 98 N.C. App. 377, 390 S.E.2d 695 (1990), is misplaced. This is not a case, as was *Brown*, in which the parties had not had time to conduct discovery. Here, the record shows that depositions of plaintiff and defendant Ball were taken prior to summary judgment, and there is no evidence in the record that either party requested a continuance of the summary judgment motion in order to complete discovery. In fact, plaintiff herself moved for summary judgment in spite of the fact that defendant Arrowood had not answered the amended complaint. Furthermore, we fail to see how discovery on the allegations added against defendant Arrowood in the amended complaint would have altered plaintiff's inability to prove her underlying claim. Thus, we hold that plaintiff's assignment of error on this issue is without merit.

JOHNS v. AUTOMOBILE CLUB INS. CO.

[118 N.C. App. 424 (1995)]

For the reasons stated above, the order granting summary judgment to all defendants is affirmed.

Affirmed.

Judges WYNN and McGEE concur.