JERRY GOYNIAS, PLAINTIFF-APPELLANT v. SPA HEALTH CLUBS, INC., DEFENDANT-APPELLEE

No. COA00-1499

(Filed 5 February 2002)

**Premises Liability— slip and fall—wet locker room floor**
The trial court correctly granted summary judgment for defendant health club in a personal injury action where plaintiff slipped and fell while going from the shower area to a locker room; defendant had placed black nonskid mats on the floor and provided a drain with a slope; plaintiff admitted that he had seen the nonskid mats and that they indicated to him that the floor might be slippery; the texture of the floor exceeded slip resistant standards; and there is no evidence that defendant was actually or constructively aware of the dangerous condition.

Judge BIGGS dissenting.

Appeal by plaintiff from order entered 13 April 2000 by Judge Orlando F. Hudson in Superior Court, Orange County. Heard in the Court of Appeals 10 October 2001.

*Michael J. Anderson, for plaintiff-appellant.*

*Little & Little, PLLC, by Cathryn M. Little, for defendant-appellee.*

## GOYNIAS v. SPA HEALTH CLUBS, INC.

[148 N.C. App. 554 (2002)]

McGEE, Judge.

Plaintiff filed a complaint for personal injury against defendant, alleging he was injured as a result of defendant's negligence while he was on the premises of defendant's fitness establishment. Plaintiff alleged in his complaint that he fell on a slippery and wet floor after leaving the men's shower area and returning to the locker room area. Plaintiff alleged he subsequently developed neck and back pain as a result of the fall. Defendant filed an answer denying negligence and alleging contributory negligence of plaintiff. Defendant filed a motion for summary judgment, which was granted by the trial court. Plaintiff appeals.

Plaintiff first argues the trial court erred in granting defendant's motion for summary judgment because there exists a triable issue of fact with regard to defendant's negligence. We disagree.

A defendant is entitled to summary judgment if the record shows "that there is no genuine issue as to any material fact and that [defendant] is entitled to . . . judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). As the moving party, a defendant has the burden of establishing the absence of any triable issue of fact. The trial court must construe the evidence in the light most favorable to the non-moving party. See Nourse v. Food Lion, Inc., 127 N.C. App. 235, 488 S.E.2d 608 (1997), aff'd, 347 N.C. 666, 496 S.E.2d 379 (1998).

In general, property owners have. "the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." Nelson v. Freeland, 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998). A property owner "is required to exercise reasonable care to provide for the safety of all lawful visitors on his property, the same standard of care formerly required only to invitees. Whether the care provided is reasonable must be judged against the conduct of a reasonably prudent person under the circumstances." Lorinovich v. K Mart Corp., 134 N.C. App. 158, 161, 516 S.E.2d 643, 646, cert. denied, 351 N.C. 107, 541 S.E.2d 148 (1999). This duty includes the "duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn the invitee of hidden perils or unsafe conditions that can be ascertained by reasonable inspection and supervision." Byrd v. Arrowood, 118 N.C. App. 418, 421, 455 S.E.2d 672, 674 (1995).

In order to show negligence by a defendant, a "plaintiff must show that defendant either (1) negligently created the condition causing injury, or (2) negligently failed to correct the condition after

actual or constructive notice of its existence." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992).

In the case before us, plaintiff has failed to show that defendant negligently created the situation which caused plaintiff's injury. Plaintiff's own expert testified in his deposition that the tile floor was textured and possessed a .64 coefficient of friction, significantly higher than the .04 standard for a bathtub or shower floor. Plaintiff's expert testified the floor was sloped; however, the expert performed no tests which would indicate what that slope was or if it was significant enough to be the cause of the accident. Plaintiff's expert testified the lighting in the room was such that a person could not see a puddle which had formed; however, the expert examined the area two and a half years after the accident, and offered no evidence or factual basis as to what the lighting conditions were at the time of the accident. Plaintiff's expert offered that the slip resistence of the floor was determined with clean water, and that resistence could be lessened by the presence of soap or other oils. However, neither plaintiff nor plaintiff's expert offered any evidence of the presence of soap or oils in the water on the date of the accident. "Negligence is not presumed from the mere fact of injury. Plaintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper." *Roumillat* at 68, 414 S.E.2d at 345.

The record shows defendant installed a tile floor which was textured in order to create a slip-resistant floor with a much greater slip resistance than is required. Defendant placed several non-skid mats in the area where plaintiff fell, and defendant installed a floor with a slope to facilitate the drainage of water. There is no evidence the slope caused plaintiff to fall or was constructed at an angle that would be considered too steep.

A plaintiff may also survive a motion for summary judgment by showing that a defendant failed to correct the condition after actual or constructive notice. *See Roumillat* at 64, 414 S.E.2d at 342-43. However, in this case, plaintiff has failed to offer any evidence which would tend to prove defendant was aware dangerous puddles had formed or were forming on the floor. Plaintiff testified he did not notice any puddles immediately before or immediately after he slipped. He did not notice any standing water until he returned a few minutes later to the place where he fell, accompanied by an employee of the health club. Furthermore, a

proprietor has no duty to warn an invitee of an obvious danger or of a condition of which the invitee has equal or superior knowledge. Reasonable persons are assumed, absent a diversion or distraction, to be vigilant in the avoidance of injury in the face of a known or obvious danger.

*Roumillat* at 66, 414 S.E.2d at 344 (other citations omitted).

In *Byrd*, 118 N.C. App. at 421, 455 S.E.2d at 674, the plaintiff attempted to argue that a church was negligent because the plaintiff slipped on a sloped hallway she claimed was wet due to patrons tracking in rainwater. Our Court held summary judgment was appropriate and added that even "if the floor was wet due to the rain that evening, this condition would have been an obvious danger of which plaintiff should have been aware since she knew it was raining outside and it was likely that people would track water in on their shoes." *Id.*

Furthermore, our Court has previously held it "is common knowledge that bathtub surfaces, especially when water and soap are added, are slippery and that care should be taken when one bathes or showers." *Kutz v. Koury Corp.*, 93 N.C. App. 300, 304, 377 S.E.2d 811, 813 (1989). The plaintiff in *Kutz* attempted to argue the defendant was liable for the plaintiff's injury because the defendant had placed non-skid strips in only half of the bathtub. However, our Court held that the "bathtub here was not so unnecessarily dangerous so as to give rise to a claim of negligence." *Id.* at 304, 377 S.E.2d at 814.

While we acknowledge plaintiff did not slip in a bathtub, we still deem the area where he slipped to be an area where one might be expected to exercise extra caution. The chances of water, and even soapy water, on the floor of an area where people walk out of a shower across to a locker room appear to be high. Plaintiff admitted he saw the black nonskid mats on the floor and that he knew the purpose of the mats was to help in preventing falls. He also admitted that the nonskid mats indicated to him that the floors could be slippery.

Defendant was required to keep its premises in a reasonably safe condition. The record shows defendant placed mats on the floor and provided a drain with a slope. Also, the texture of the floor exceeded the required slip resistant standard for bathroom flooring. There is no evidence defendant was actually or constructively aware of an unobvious dangerous condition which it failed to correct. Therefore, plaintiff failed to show defendant breached its duty to plaintiff.

**GOYNIAS v. SPA HEALTH CLUBS, INC.**

[148 N.C. App. 554 (2002)]

As we have concluded summary judgment was appropriate on the issue of defendant's negligence, we do not need to address plaintiff's second assignment of error concerning contributory negligence.

We affirm the order of the trial court granting defendant's motion for summary judgment.

Affirmed.

Judge TIMMONS-GOODSON concurs.

Judge BIGGS dissents.

BIGGS, Judge dissenting.

Summary judgment is a drastic remedy and should be used with great caution. *Moore v. City of Creedmoor*, 120 N.C. App. 27, 36, 460 S.E.2d 899, 904 (1995) (citation omitted). Moreover, such relief is particularly disfavored in cases of negligence or contributory negligence. *Thompson v. Bradley*, 142 N.C. App. 636, 544 S.E.2d 258, *disc. review denied*, 353 N.C. 532, 550 S.E.2d 506 (2001). Indeed, as expressed by the North Carolina Supreme Court, "it is only in exceptional negligence cases that summary judgment is appropriate, since the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court." *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980) (citation omitted).

In the case *sub judice*, whether defendant exercised reasonable care in the maintenance of its premises is a question of fact for the jury. Moreover, a jury question is presented as to plaintiff's contributory negligence. It was error for the trial court to grant summary judgment and therefore, I respectfully dissent.