***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Harris, the assignments of error and the briefs before the Full Commission, and the presentation of oral argument by the parties on April 14, 2009. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Decision and Order of the Deputy Commissioner and enters the following Decision and Order.
 ***********
The following items were admitted into evidence by the Deputy Commissioner as:
 EXHIBITS
1. Plaintiff's Exhibit 1: Defendant's Response to Plaintiff's Third Set of Interrogatories and Request for Production of Documents *Page 2 
2. Plaintiff's Exhibit 2: Defendant's Second Response to Plaintiff's Request for Admissions
3. Plaintiff's Exhibit 3: Defendant's Response to Plaintiff's Request for Admissions Plaintiff's Exhibit 4: Defendant's Response to Plaintiff's Second Set of Interrogatories and Request for Production of Documents
4. Plaintiff's Exhibit 5: Memorandum dated 1/4/01
5. Plaintiff's Exhibit 6: Accident report
6. Plaintiff's Exhibit 7: Memorandum dated 1/18/01
7. Plaintiff's Exhibit 8: Plaintiff's witness statement dated 1/2/01
8. Plaintiff's Exhibit 9: Defendant's Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents
9. Plaintiff's Exhibit 10: Plaintiff's medical records
10. Plaintiff's Exhibit 11: Grievance document
11. Plaintiff's Exhibit 12: Health problem list
12. Plaintiff's Exhibit 13: Defendant's Response to Plaintiff's Fourth Set of Interrogatories and Request for Production of Documents
 ***********
Based upon all of the competent evidence of record and reasonable inferences drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On December 30, 2003, Plaintiff filed with the North Carolina Industrial Commission a claim for damages under the Tort Claims Act alleging negligence. However, Plaintiff failed to name a negligent state employee. On December 31, 2000 between 4:30 and *Page 3 
4:45 p.m., Plaintiff, who was incarcerated in the custody and control of Defendant Department of Correction at Central Prison in Raleigh, completed his afternoon shower in a common showering area for prison inmates assigned to the same unit at the facility. When Plaintiff attempted to step out of his shower stall over a raised lip approximately six inches in height, he placed his foot down onto the smooth concrete surface of the adjacent walkway and took a few steps before slipping in a small accumulation of soapy water that had accumulated between the nearby shower stalls.
2. Citing security reasons, Defendant had determined that no shower curtains would be provided for the shower stalls in Plaintiff's unit. Thus, the splashing of water out of the stalls was an everyday occurrence in this common area. Moreover, the evidence tended to demonstrate that Defendant permitted one shower mat to be placed immediately inside or outside of each stall, but that it was at the discretion of each individual inmate where exactly to locate the mat while showering.
3. In order to prevent an excessive accumulation of water on the concrete walkway, Defendant's employees at the facility would frequently require an inmate assigned as a janitor or "run man" to push the water toward a drain — at a distance of approximately nine feet — using a squeegee.
4. There is no indication from the record that the accumulation of water on the concrete surface of the common walkway on the date of the incident was out of the ordinary. The undersigned further find that a reasonably prudent person, in the exercise of due care, would have been expected to traverse the walkway without incident even when the surface had become moderately wet and slippery. *Page 4 
5. Plaintiff was fully aware of the potential accumulation of water in the shower walkway as a result of his prior experience showering in the same common area, and was in fact aware of the particular level of accumulation on the date of the alleged incident because he walked across the very same surface upon entering the shower moments earlier.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty.Pulley v. Rex Hospital 326 N.C. 701, 705, 392 S.E.2d 380, 383 (1990).
3. Defendant's employees owed Plaintiff and other inmates a duty to maintain the shower area in question in a reasonably safe condition and to warn them of hidden perils therein. See Roumillat v. SimplisticEnterprises, Inc., 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992) (citations omitted).
4. Because Plaintiff knew of the soapy water accumulating on the surface of the concrete floor, this condition was not hidden but "open and obvious." See Bolick v. Bon Worth, *Page 5 Inc., 150 N.C. App. 428, 430, 562 S.E.2d 602, 604 (2002) (citations omitted). For this reason, employees of Defendant were not required to warn Plaintiff of any potential hazard of which he had "equal or superior knowledge." See Von Viczay v. Thoms, 140 N.C. App. 737, 739,538 S.E.2d 629, 631 (2000).
5. The question thus presented is whether the employees of Defendant failed to maintain the shower area in a "reasonably safe condition." SeeGoynias v. Spa Health Clubs, Inc., 148 N.C. App. 554, 557,558 S.E.2d 880, 883 (2002). Whether a condition is unreasonably dangerous turns upon the specific facts and circumstances of the case. Id. Here, employees of Defendant exercised due care in safeguarding Plaintiff from harm despite the security concerns involved in the showering of prison inmates. It has not been demonstrated that the lack of shower curtains presented an undue risk of harm, nor could it be doubted that common shower areas nearly always involve the splashing of water onto the main walkway. It is common knowledge that a bath surface may become slippery after water is added and that a person should exercise care when taking a shower. Kutz v. Koury Corp., 93. N.C. App. 300, 304, 377 S.E.2d 811, 813
(1989). Further, a reasonable person is assumed to exercise care to avoid injury due to a known or obvious danger. Goynias, at148 N.C. App. at 557, 558 S.E.2d at 882.
6. Moreover, having provided a shower mat for every stall in the unit and having established the procedure for a "run man" to push excess water into a nearby drain, it must be determined that the named employees of Defendant exercised due care toward Plaintiff. While it is noted that it would be a better practice to provide rubber mats inside and outside of the shower stalls and to routinely squeegee, Plaintiff has failed to show that a named employee of Defendant breached a duty of care owed to Plaintiff. Therefore, Plaintiff has failed to prove negligence by *Page 6 
Defendant and is not entitled to relief under the Tort Claims Act.See Pulley, 326 N.C. 701, 392 S.E.2d 380 (1990).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this claim as an indigent.
This the 19th day of May, 2009.
S/___________________ STACI MEYER COMMISSIONER
CONCURRING:
 S/___________________ LAURA K. MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1