FRANK DAVID HILL, Plaintiff,
v.
TOWN OF ROBBINS, A North Carolina Municipal Corporation, Defendant.
No. COA08-890
Court of Appeals of North Carolina.
Filed July 21, 2009
This case not for publication
Egerton & Associates, P.A., by Lawrence Egerton, Jr. and Kurt Aktug, for plaintiff-appellant.
Frazier, Hill & Fury, RLLP, by William L. Hill and Torin L. Fury, for defendant-appellee.
GEER, Judge.
Plaintiff Frank David Hill appeals from the trial court's order granting summary judgment to defendant Town of Robbins with respect to his negligence and gross negligence claims. Although plaintiff was injured on the premises of the Town's water treatment facility, plaintiff has failed to demonstrate a genuine issue of material fact regarding whether (1) the Town maintained a hazardous condition on its premises or (2) if a hazard existed, that it was not an obvious hazard of which plaintiff should have been aware. In the absence of such a showing, plaintiff has failed to meet his burden of forecasting sufficient evidence of negligence. We, therefore, affirm the trial court's order granting summary judgment.

Facts
In February 2001, plaintiff started working as a water meter reader for American Water Services ("AWS"), which operated the Montgomery County Water Plant. In 2004, the Town began purchasing water from the Montgomery County Water Plant, sending the water through its chlorination and metering facility in Moore County. As one of his job duties, plaintiff was responsible for going to the Town's facility to take a monthly water usage reading.
The water meter at the facility is located in a pumping station that is enclosed by a chain link fence with two separately keyed padlocks. Several employees of both the Town and AWS have keys to the padlocks and thus have access to the pumping station. Inside the fence, the station is on a concrete pad that is approximately 15 feet by 15 feet. There is a gap of approximately 13 inches between the edge of the concrete pad and the chain link fence, and the concrete pad is roughly 13 to 15 inches above the ground. The water meter itself is located inside an eight-foot-deep piping vault covered by a large metal door on the concrete pad weighing roughly 250 pounds.
To access the water meter inside the vault, the meter reader must use a special key that unlocks the vault door. The door is equipped with a two-stage compression spring mechanism that causes the door to automatically open approximately 15 inches when unlocked. The meter reader then pushes the door upright until it is in a perpendicular position, where it locks into place. The purpose of the compression spring mechanism is to make the door easier to open and close.
The pumping station came online in July 2004, and plaintiff had read the Town's water meter on at least six prior occasions when he went to perform the task on 20 January 2005. On that day, plaintiff drove up to the pumping station, unlocked the padlocks, and entered the enclosure. He saw two compression springs laying on the ground. Plaintiff used his key to unlock the vault door, but it did not "pop[] open" like it had every other time. Plaintiff opened the door using both hands, noticing that it was heavier than usual. As he was opening the door, plaintiff took a step backward with his left leg and slipped on a small, one-inch PVC pipe resting on the ground in the drop-off area between the concrete pad and the fence. Plaintiff lost his balance and let go of the door with his left hand to try to grab the fence behind him. Plaintiff was unable to move out of the way of the falling door due to the lack of space between the door and the fence. The door landed on his right arm and leg. Plaintiff sustained ligament and nerve damage to his right arm and shoulder as a result of the door falling on him and experiences paresthesias in his right arm up to his shoulder and neck.
Plaintiff filed a negligence claim against the Town in Montgomery County Superior Court on 23 February 2007. Plaintiff subsequently amended his complaint to assert an additional claim for gross negligence. The Town filed an answer on 24 May 2007 generally denying plaintiff's claim, moving to dismiss for failure to state a claim for relief, and asserting several defenses, including contributory negligence. On 7 August 2007, the case was transferred to Moore County Superior Court, where both plaintiff and the Town moved for summary judgment on 28 March 2008. In an order entered 9 April 2008, the trial court granted the Town's motion for summary judgment, and plaintiff timely appealed to this Court.

Discussion
"[T]he standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, `(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.'" Von Viczay v. Thoms, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000) (quoting Gaunt v. Pittaway, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664, appeal dismissed and disc. review denied, 353 N.C. 262, 546 S.E.2d 401 (2000), cert. denied, 353 N.C. 371, 547 S.E.2d 810, cert. denied, 534 U.S. 950, 151 L. Ed. 2d 261, 122 S. Ct. 345 (2001)), aff'd per curiam, 353 N.C. 445, 545 S.E.2d 210 (2001). The moving party ultimately has the burden of establishing the lack of any triable issue of fact, Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985), and the evidence produced is viewed in the light most favorable to the non-moving party, Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).
Plaintiff's negligence claim against the Town is based on a premises liability theory. In general, "property owners have `the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors.'" Goynias v. Spa Health Clubs, Inc., 148 N.C. App. 554, 555, 558 S.E.2d 880, 881 (quoting Nelson v. Freeland, 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998)), aff'd per curiam, 356 N.C. 290, 569 S.E.2d 648 (2002). The duty to exercise reasonable care requires that the landowner keep the premises in a reasonably safe condition and warn lawful visitors of hidden dangers or unsafe conditions that can be ascertained by reasonable inspection and supervision. Roumillat v. Simplistic Enterp., Inc., 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992), overruled in part on other grounds by Nelson v. Freeland, 349 N.C. 615, 507 S.E.2d 882 (1998).
Plaintiff's entire argument on appeal in support of his negligence claim consists of the following paragraph:
Because access to The Plant was limited to the employees and agents of Defendant and AWS, a jury could reasonably infer that the loose pipe was left on the ground by one of the employees or agents of Defendant. Thus, Plaintiff has forecasted sufficient evidence to establish a claim that Defendant is vicariously liable for Plaintiff's injuries and a question of fact has been raised which must be resolved by a jury. In moving for summary judgment and opposing the Town's motion for summary judgment, plaintiff presented no depositions or other discovery taken from the Town.[1]
We note first that although plaintiff acknowledges that both AWS and the Town had access to the pumping station, he does not point to any evidence that the Town, as opposed to AWS, left the loose pipe at the station. Even if we infer from the evidence in the record that the Town was the likely source of the piping, plaintiff has not presented any evidence that the presence of the small, one-inch pipe running along the ground in the gap between the concrete pad and the fencing and roughly 13 to 15 inches below the concrete pad, is a hazardous condition. Notably, plaintiff's human factors and professional ergonomics expert witness, in analyzing the conditions of the pumping station, did not offer any opinion that it was hazardous to store the PVC piping in the small gap between the concrete pad and the fence. Further, Thomas Blankenship, who trained plaintiff at AWS, testified that he had been to the pumping station prior to the accident, had seen the pipe, and did not report it as a hazard to the Town. Plaintiff thus has not submitted any evidence of a hazardous condition apart from the fact that he was injured. "Negligence is not presumed from the mere fact of injury." Roumillat, 331 N.C. at 68, 414 S.E.2d at 345.
Finally, the evidence on summary judgment is undisputed that the pipe was obvious. "As a general proposition, there is no duty to protect a lawful visitor against dangers which are either known to him or so obvious and apparent that they reasonably may be expected to be discovered." Lorinovich v. K Mart Corp., 134 N.C. App. 158, 162, 516 S.E.2d 643, 646, cert. denied, 351 N.C. 107, 541 S.E.2d 148 (1999); accord Wrenn v. Hillcrest Convalescent Home, Inc., 270 N.C. 447, 448, 154 S.E.2d 483, 484 (1967) (per curiam) (holding that despite landowner's duty to exercise ordinary care, landowner has "no duty to warn plaintiff . . . of an obvious condition or of a condition of which the plaintiff had equal or superior knowledge").
In his deposition, Blankenship testified that he visited the pumping station prior to the accident in July 2004 to do a "walkthrough" with plaintiff. Blankenship confirmed that, while there, he saw the PVC pipe "along the edge of the concrete" pad. As part of plaintiff's monthly duties after the initial walkthrough, he went to the pumping station multiple times prior to the accident with an opportunity to see the PVC pipe that had been obvious to Blankenship when he was there the first time. Additionally, plaintiff testified that on the day he was injured there was nothing on top of the concrete pad or between the pipe and the vault door to obstruct his view of the pipe. Moreover, following the accident, the PVC pipe remained in the same spot. Both Blankenship and Ronald Crump, plaintiff's supervisor at the time of the accident, testified that the PVC pipe was readily visible to them then. The record contains no evidence suggesting that the PVC pipe, if a hazardous condition, was not an obvious condition that plaintiff could be reasonably expected to see.
We, therefore, conclude that plaintiff has failed to establish a triable issue of fact precluding summary judgment on his negligence claim against the Town. See Grayson v. High Point Dev. Ltd. P'ship, 175 N.C. App. 786, 789, 625 S.E.2d 591, 593 ("Plaintiff's own testimony demonstrates that she knew of the hazardous condition and, therefore, there exists no issue of genuine fact that defendant owed her no duty. Accordingly, summary judgment in defendant's favor was proper."), disc. review denied, 360 N.C. 533, 633 S.E.2d 681 (2006); Byrd v. Arrowood, 118 N.C. App. 418, 421-22, 455 S.E.2d 672, 674 (1995) ("Even if the floor was wet due to the rain that evening, this condition would have been an obvious danger of which plaintiff should have been aware since she knew it was raining outside and it was likely that people would track water [into the church] on their shoes. . . . Since plaintiff and the church had equal knowledge of this obvious danger and since plaintiff has not shown that the church had actual or constructive notice that this spot was wet, the church had no duty to warn plaintiff of this potential peril.").
The trial court, therefore, properly granted the Town summary judgment on plaintiff's negligence claim. Because we conclude that summary judgment was proper with respect to plaintiff's negligence claim, we need not address the Town's contention that plaintiff was contributorily negligent.
Affirmed.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] We note that plaintiff failed to present any argument in support of his gross negligence claim against the Town. We, therefore, deem the claim abandoned on appeal. N.C.R. App. P. 28(a).